# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 14-30329

————

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2014

Lyle W. Cayce
Clerk

CHRISTOPHER WHITE,

Plaintiff-Appellant

v.

HOWARD BROWN, Lieutenant; JAMES DAUZAT, Captain; RAY VICTTORIA, Colonel; TIM DELANEY, Warden,

Defendants-Appellees

————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-17

————

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Christopher White, Louisiana prisoner # 365408, moves for leave to appeal in forma pauperis (IFP) from the dismissal of a 42 U.S.C. § 1983 civil rights complaint he filed against Lt. Howard Brown, Capt. James Dauzat, and two other defendants employed by the Louisiana Department of Corrections. White alleged that he was subjected to excessive force in violation of the Eighth Amendment when Dauzat ordered Brown to spray him with a chemical agent.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court granted summary judgment for the defendants based on qualified immunity.

By moving to proceed IFP, White challenges the certification that his appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). He must show that his "appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). We may dismiss the appeal "when it is apparent that an appeal would be meritless." *See Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2.

"Summary judgment is proper if the pleadings and evidence show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012); FED. R. CIV. P. 56(a). The nonmovant "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (internal quotation marks and citations omitted). Because the defendants asserted qualified immunity, White had the burden of "establishing that the [defendants'] allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the [defendants'] conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008). He may not "rest on conclusory allegations and assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the [defendants'] conduct." *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). To prevail on a claim of excessive force, White was required to show that force was not "applied in a good-faith effort to maintain or restore discipline," but rather "maliciously and

sadistically for the very purpose of causing harm." *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992).

The defendants presented a large amount of summary-judgment evidence to show that Brown applied a minimal amount of force, resulting in no objectively observable harm to White, in order to put an end to White's defiance and aggravated disobedience.  In response, White has reiterated his narrative and presented at most a scintilla of evidence about marginally relevant facts, mostly concerning disciplinary proceedings arising from the disturbance.  His specific contentions are simply not supported by the record.

In addition, White does not dispute that he received medical attention right after he was sprayed and that he showed no objective sign of injury.  The absence of significant injury is an "objective component" of the analysis and is relevant to whether the use of force was wanton and unjustified, and to show efforts to temper its severity.  *Hudson*, 503 U.S. at 7-8.  White also abandoned his claims against defendants Ray Victtoria and Tim Delaney.  *See Raj v. Louisiana State University*, 714 F.3d 322, 327 (5th Cir. 2013).

White has failed to carry his burden in opposing summary judgment based on qualified immunity.  *See Gates*, 537 F.3d at 419.  Because he identifies no nonfrivolous issue for appeal, his IFP motion is DENIED, and the appeal is DISMISSED.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.