# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 19, 2013

No. 12-30225

Lyle W. Cayce
Clerk

Dr. MADHWA RAJ,

Plaintiff - Appellant

v.

LOUISIANA STATE UNIVERSITY; BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND
MECHANICAL COLLEGE; LOUISIANA STATE UNIVERSITY HEALTH
AND SCIENCES CENTER IN NEW ORLEANS,

Defendants - Appellees

Appeals from the United States District Court
for the Eastern District of Louisiana

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge:

Dr. Madhwa Raj, a professor of biochemistry and obstetrics and gynecology at Louisiana State University ("LSU"), appeals the district court's dismissal of his complaint for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted. We find that sovereign immunity bars Raj's claims under state law; the Age Discrimination in Employment Act; and 42 U.S.C. § 1983 and § 1985. With regard to Raj's remaining claims, we recognize that a plaintiff is not required to establish a prima facie case of discrimination at the pleading stage, but we nonetheless conclude that Raj has

No. 12-30225

failed to state a claim for which relief can be granted. We therefore AFFIRM the district court's judgment of dismissal.

## I.    Facts and Proceedings

Raj filed a complaint against LSU, the LSU Health and Sciences Center of New Orleans ("LSU Health"), and the LSU Board of Supervisors (the "LSU Board"), alleging discrimination based on his race, religion, national origin, age, and gender. For the purpose of reviewing the district court's dismissal of Raj's claims under Federal Rule of Civil Procedure 12(b)(6), we will "accept[] 'all well-pleaded facts as true.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

Raj is a male of East Indian origin; he is over the age of forty. In his complaint, Raj states that he became a full professor at LSU in 1984 and received tenure in 1987. Raj's grant funding from the National Institutes of Health ended in June 2009. He began writing proposals for new grants for his research on herbal treatments for ovarian and breast cancer. In addition, Raj published papers, gave a lecture on stem cell research, and supervised medical residents and a graduate student.

Raj alleges that, despite LSU rules and procedures, his performance was measured not by his accomplishments but by the amount of grant money that he obtained or failed to obtain. In December 2009, the chair of the department of obstetrics and gynecology, Dr. Thomas Nolan, began "harassing" Raj regarding this issue. Nolan told Raj that due to Raj's failure to acquire grant funding, LSU would be withdrawing the $15,000 in supplemental funds given to Raj the previous year. The complaint does not specify the funds' original purpose. In March 2010, Nolan asked Raj to write a letter of retirement effective June 30, 2010, although Raj had not expressed a wish to retire. After Raj's

2

attorney contacted LSU personnel, Raj alleges that the harassment "ceased for a while, then began again."

The dean of LSU medical school ordered that Raj's laboratory would be closed effective June 2010. The dean, along with Nolan, assigned Raj to work for an assistant professor in the core sciences laboratory, a change that "disgrace[d] and embarrass[ed]" Raj. Raj alleges that in closing his laboratory, LSU "gave away more than $300,000 of equipment and chemicals that [Raj] brought with him," and inconvenienced his research and that of his graduate student.

LSU then informed Raj that his salary would be negotiated on his ability to obtain grant funding, notwithstanding Raj's understanding that his base salary was guaranteed by state funds; Raj was given five days to agree to these terms. Raj alleges that in January 2011, he discovered that his salary was the lowest of all similarly-qualified professors throughout his employment. Although Raj is a full professor, he alleges that his salary is below that of all associate professors in the basic science departments and is in the range of assistant professors. He states that, in contrast to his colleagues' salaries, his salary has not been increased for six years. Raj claims that LSU falsely represented that his salary was comparable to that of his colleagues.

Raj alleges that LSU's actions exacerbated his diabetes and caused neuropathy and chest pain, requiring him to take sick leave. While on sick leave, Raj tore his shoulder rotator cuff, causing his physician to extend his leave; he states that LSU's medical record requests forced him to undergo superfluous doctors' visits every ten days. Raj claims that LSU also refuses to allow him to take his earned annual leave of over eight months.

Raj filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in April 2011. The record does not contain the EEOC's response to the charge, but Raj alleges that "[o]n April 20, 2011, the EEOC issued a notice of right to sue."

No. 12-30225

Raj filed a complaint in federal district court against LSU, LSU Health, and the LSU Board on May 12, 2011. Raj's complaint asserts claims under Title VII of the Civil Rights Act based on retaliation and discrimination due to his race and national origin, *see* 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act (ADEA), *see* 29 U.S.C. § 621 *et seq.*; and the Equal Pay Act, *see* 29 U.S.C. § 206(d)(1); as well as claims under Louisiana state law for breach of contract; intentional infliction of emotional distress and conspiracy to commit the same; and intentional fraud, intentional misrepresentation, and fraudulent inducement. Raj subsequently twice amended his complaint, adding claims under 42 U.S.C. § 1983 and § 1985 for discrimination and violation of equal protection based on gender and race and for conspiracy to commit the same; religious discrimination under Title VII; violations of equal protection and due process under the Fifth and Fourteenth Amendments; and Louisiana common law claims for intentional infliction of emotional distress and denial of due process. Raj's second amended complaint also stated claims for injunctive and declaratory relief against defendants "in their individual and official capacities," but did not name individual officials as defendants.

Defendants moved to dismiss Raj's claims based on lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6).[1] The district court granted defendants' motion to dismiss on February 24, 2012. The district court dismissed all claims against LSU and LSU Health, finding they lacked capacity to be sued; dismissed Raj's ADEA and § 1983 and § 1985 claims as barred by the LSU Board's Eleventh Amendment immunity; and dismissed Raj's remaining claims under Rule 12(b)(6) for failure to allege facts on which relief could be granted.

---

[1] Defendants also argued for dismissal under Rule 12(b)(5) for insufficient service of process. The district court dismissed that claim as moot, and the parties do not challenge that ruling on appeal.

No. 12-30225

Raj appeals, arguing that the district court erred in dismissing his claims under Rules 12(b)(1) and 12(b)(6), and contending that the district court should have allowed him the opportunity to amend his complaint in areas of fact and law that the district court deemed insufficient.

## II.    Analysis

### A.    Dismissal For Lack of Subject Matter Jurisdiction

We review a district court's ruling on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction de novo. *Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 570 (5th Cir. 2001). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

The district court dismissed LSU and LSU Health from the case, ruling that they lack the capacity to be sued under Louisiana state law. *See* La. Rev. Stat. Ann. § 17:3351(A)(1) (2011). Raj has waived appellate review of this ruling by failing to address it in his brief. *See* Fed. R. App. P. 28(a)(9)(A) (appellant's brief must contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) ("It has long been the rule in this circuit that any issues not briefed on appeal are waived.").

The Eleventh Amendment bars citizens of a state from suing their own state or another state in federal court, U.S. Const. amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 11 (1890), unless the state has waived its sovereign immunity or Congress has expressly abrogated it. *Ysleta del Sur Pueblo v. Texas*, 36 F.3d 1325, 1335 (5th Cir. 1994). Louisiana has expressly declined to waive its immunity under the Eleventh Amendment, *see* La. Rev. Stat. Ann. § 13:5106(A) (2010) (providing that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court");

5

No. 12-30225

*Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir. 1997) ("Louisiana has not waived its sovereign immunity for suits brought in federal court"), and Congress has not abrogated state sovereign immunity under the ADEA, *see Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000), nor under § 1983, *see Quern v. Jordan*, 440 U.S. 332, 339-340; *Richardson*, 118 F.3d at 453.[2]

Raj's only contention on appeal regarding subject matter jurisdiction is to note, correctly, that the Eleventh Amendment does not bar suits for injunctive or declaratory relief against individual state officials acting in violation of federal law. *See Ex parte Young*, 209 U.S. 123, 155-56 (1908). To fall within the *Ex parte Young* exception to sovereign immunity, however, a plaintiff must name individual state officials as defendants in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 n.18 (1985) ("In an injunctive or declaratory action grounded on federal law, the State's immunity *can* be overcome by naming state officials as defendants."). Although Raj has asserted claims for injunctive and declaratory relief, he cannot overcome sovereign immunity under *Ex parte Young* because he has named only LSU, LSU Health, and the LSU Board as defendants.

Thus, Raj's ADEA and § 1983 and § 1985 claims are barred if the LSU Board is "an arm of [the] State" and, therefore, an entity entitled to sovereign immunity. *Richardson*, 118 F.3d at 450 (holding that even when a plaintiff does not "name the State of Louisiana as a defendant . . . [his] suit may nonetheless succumb to Eleventh Amendment immunity if the State is the real party in interest.").

---

[2] Raj also makes claims alleging due process and equal protection violations under the Fifth and Fourteenth Amendments. Because § 1983 is the vehicle under which these claims are properly brought, *see Conn v. Gabbert*, 526 U.S. 286, 290 (1999), they are subject to the same sovereign immunity analysis as Raj's discrimination and equal protection claims expressly brought under § 1983.

No. 12-30225

For the same reasons we articulated with regard to Southern University and its Board in *Richardson*, 118 F.3d at 454-56, and the University of Southern Louisiana in *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147-48 (5th Cir. 1991),[3] we agree with the district court's finding – which Raj fails to challenge on appeal – that the LSU Board is an arm of the state and is immune from suit under the Eleventh Amendment. *See Pastorek v. Trail*, 248 F.3d 1140 (5th Cir. 2001) (unpublished) (concluding that "the LSU Board is an 'arm of the state' that enjoys Eleventh Amendment immunity"). LSU stands on substantially the same state law footing as the University of Southern Louisiana, which this court determined was an arm of the state using a six-factor test set out in *Delahoussaye*, 937 F.2d at 147-48. First, state law characterizes the agency as an arm of the state, *see id.* at 147: LSU was created by state law, *see* La. Rev. Stat. Ann. § 36:642(B) (2012), and its Board is part of the Louisiana executive branch of government, *see* La. Rev. Stat. Ann. § 17:3215 (2011). Second, LSU receives state funding as an executive branch agency, must dispense donations in accordance with state law, and pays judgments against it from state funds. La. Const. art. 12, § 10(C); La. Rev. Stat. Ann. § 17:3351 (2011); *see Delahoussaye*, 937 F.2d at 148. Third, state executive branch officials have direct control over appointment of LSU Board members. La. Rev. Stat. Ann. § 17:1453 (2012); *see Delahoussaye*, 937 F.2d at 148. Fourth, LSU's purpose under state law is statewide, not local. La. Rev. Stat. Ann. § 17:3220 (LSU is "established and maintained to serve the educational needs of the people of the state"); *see Delahoussaye*, 937 F.2d at 148. Fifth and sixth, the LSU Board has the right to sue and be sued in its own name and hold property, while LSU itself does not, *see* La. Rev. Stat. Ann. § 17:3351(A); however,

---

[3] Where, as here, Louisiana law views a university and its board of supervisors as "one and the same," the university and the board "stand on the same sovereign immunity footing." *Richardson*, 118 F.3d at 454-55.

> just because [the LSU Board] can be sued and can hold and use property does not mean that these final two factors weigh against a finding of sovereign immunity. In fact, precisely the opposite is true. First . . . Louisiana has not waived its immunity from suit in federal court. Second, and perhaps most importantly, money judgments against the Board are paid by the State of Louisiana.

*Richardson*, 118 F.3d at 456; *see* La. Rev. Stat. Ann. § 17:3351. We therefore affirm the district court's dismissal of Raj's claims under the ADEA and 42 U.S.C. § 1983 and § 1985.

We also conclude that Raj's state law claims are barred by sovereign immunity. Although defendants "did not argue that sovereign immunity bars" Raj's state law claims, "we may consider this issue *sua sponte* because it bears on this court's subject-matter jurisdiction." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 333 n.8 (5th Cir. 2002); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) ("Every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a case under review, even [if] the parties are prepared to concede it."). The Supreme Court in *Pennhurst State School and Hospital v. Halderman* held that sovereign immunity barred federal courts from hearing state law claims brought in federal court against state entities. 465 U.S. 89, 117 (1984). Because Raj "has not sued any [university] official," but instead brought his claims "against the University qua University," and because "Louisiana has not waived its sovereign immunity for suits brought in federal court," Raj's "state law claims are also subject to the Eleventh Amendment bar." *Richardson*, 118 F.3d at 453 (citing La. Rev. Stat. Ann. § 13:5106(A) (2010)).

## B.     Dismissal for Failure to State a Claim

The only claims remaining, therefore, are Raj's claims under the Equal Pay Act and Title VII of the Civil Rights Act.[4]  We review a district court's grant of a motion to dismiss based on failure to state a claim de novo, accepting all well-pleaded facts in the complaint as true and viewed in the light most favorable to the plaintiff.  *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012).  We affirm the district court's grant of a motion to dismiss "when the plaintiff has not alleged enough facts to state a claim to relief that is plausible on its face or has failed to raise its right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.*  To state a claim that is facially plausible, a plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009).  "We may affirm a district court's Rule 12(b)(6) dismissal on any grounds raised below and supported by the record."  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

On appeal, Raj, who is represented by counsel, fails to address the district court's dismissal of his Title VII retaliation claim.  Although Raj does assert that the district court erred in dismissing his claims under the Equal Pay Act, he "does not address the merits" of the district court's decision or suggest grounds for reversal.[5]  *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744,

---

[4] The Eleventh Amendment does not bar these claims because Congress has expressly abrogated sovereign immunity under both statutes.  *See Ussery v. State of Louisiana on behalf of La. Dep't. of Health and Hosps.*, 150 F.3d 431, 434 (5th Cir. 1998) (Title VII); *Siler-Khodr v. Univ. of Tex. Health Scis. Ctr. San Antonio*, 261 F.3d 542, 550 (2001) (Equal Pay Act).

[5] Raj cites one case involving the Equal Pay Act, *Legania v. E. Jefferson Gen. Hosp. Dist. No. 2*, but fails to explain its relevance.  No. Civ.A. 02-1085, 2003 WL 21277127, at *7 (E.D. La. May 29, 2003).  *Legania* is inapposite, as it dealt with a motion for summary judgment rather than a motion to dismiss on the pleadings; moreover, the district court in *Legania* found that the plaintiff had not established a prima facie case under the Equal Pay

No. 12-30225

748 (5th Cir. 1987). We therefore do not reconsider the district court's dismissal for failure to state a claim under the Equal Pay Act or for retaliation under Title VII. *See* Fed. R. App. P. 28(a)(9)(A) (appellant's brief must contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Brinkmann*, 813 F.2d at 748.

Defendants, in their motion to dismiss, construed Raj's complaint as alleging a disparate treatment claim under Title VII. In responding to the motion, Raj did not challenge this interpretation and argued only that he adequately alleged an adverse employment action, as required by the prima facie test for disparate treatment. For the first time on appeal, Raj argues that his complaint makes out claims of constructive discharge and hostile work environment. Having failed to raise these arguments in the district court, Raj may not do so on appeal. *FDIC v. Mijalis*, 15 F.3d 1314, 1326-27 (5th Cir. 1994). But even if he were permitted to do so, Raj's complaint does not state a claim to relief under either theory that is "plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A constructive discharge claim is based on a plaintiff's actual resignation, without which no discharge – constructive or otherwise – has occurred. *See Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001)*; Barrow v. New Orleans S. S. Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994); *Jurgens v. EEOC*, 903 F.2d 386, 390 (5th Cir. 1990). Because at the time of his complaint Raj remained a tenured professor at LSU, he has not stated a plausible claim for relief for constructive discharge. A hostile work environment claim, in turn, necessarily rests on an allegation that an employer has created "a working environment heavily charged with . . . discrimination." *Rogers v. EEOC*, 454 F.2d 234, 238 (5th Cir. 1971). Raj's complaint repeatedly avers that LSU's actions were "pretextually" premised on his failure to obtain grant

---

Act because he had provided "[n]o documentary proof of unequal pay." *Id.*

funding, but he does not allege any facts that link the alleged harassment with his race or national origin.[6] As Raj has not alleged any connection between his race and national origin and the harassment alleged in the complaint, he has not pled a claim of hostile work environment that raises his right to relief "above the speculative level." *See Bass*, 669 F.3d at 506.

This leaves Raj's assertion that his complaint made out a claim for disparate treatment under Title VII. Raj argues that the district court erred in concluding that LSU's actions did not constitute a change in "terms, conditions or privileges of employment" necessary to show an adverse employment action. Although Raj does not challenge the district court's interpretation of his pleading burden, we nonetheless note that a plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 510-12 (2002). Inasmuch as the district court required Raj to make a showing of each prong of the prima facie test for disparate treatment at the pleading stage, the district court erred by improperly substituting an "evidentiary standard" for a "pleading requirement." *Id.* at 512.

We nonetheless conclude that Raj failed to state a claim for disparate treatment under Title VII. *See Cuvillier*, 503 F.3d at 401. Even assuming, *arguendo*, that the laboratory closure, reassignment, and salary renegotiations constituted adverse employment actions, the "ultimate question" in a Title VII disparate treatment claim remains "whether a defendant took the adverse employment action against a plaintiff *because of* her protected status." *Kanida v. Gulf Coast Med. Personnel LP*, 363 F.3d 568, 576 (5th Cir. 2004)(emphasis added). Raj's complaint and speculation did not allege any facts, direct or circumstantial, that would suggest LSU's actions were based on Raj's race or

---

[6] Although Raj amended his complaint to add religion as a basis for his Title VII claim, his complaint failed to specify his membership in any religion.

11

national origin or that LSU treated similarly situated employees of other races or national origin more favorably. Because Raj "has failed to raise [his] right to relief above the speculative level," we affirm the district court's dismissal of Raj's complaint under Rule 12(b)(6) for failure to state a claim. *See Bass*, 669 F.3d at 506.

## C.    Opportunity for Leave to Amend

Raj also argues that the district court should have allowed him the opportunity to amend his complaint in "areas of fact and law" that the district court "deemed insufficient." "We review the district court's denial of a leave to amend for abuse of discretion." *Schiller v. Physicians Resource Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). The district court twice allowed Raj to amend his complaint, and Raj does not point to any instance in the record, nor could we find any such instance, where the district court denied him leave to further amend. Thus, we find no abuse of discretion.

## III.    Conclusion

For the above reasons, we AFFIRM the district court's judgment of dismissal.