# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20014

JEFFREY C. BAILEY; RIG-UP SERVICES, L.L.C.,

Plaintiffs - Appellants

v.

SHIRLEY BAILEY; ROGER BAILEY; BAILEY CONSULTING, L.L.C.; RIG-UP ELECTRICAL SERVICES, INCORPORATED,

Defendants - Appellees

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2014

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1711

Before JOLLY and JONES, Circuit Judges, and AFRICK*, District Judge.

PER CURIAM:**

This is an appeal from a declaratory judgment that interprets the terms of a contract. We REVERSE and REMAND.

## I. Background

Roger and Shirley Bailey owned Rig-Up Electrical Services, Inc. ("Electrical"), an Arkansas corporation with a home office in Arkansas and a

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20014

satellite location in Texas.  Jeffrey Bailey, their son, was Vice President and Chief Operations Officer of the Texas location.  Jeffrey approached Roger and Shirley with interest in purchasing certain assets of Electrical on behalf of a business he was starting under the name Rig-Up Services, L.L.C. ("Services"). After some negotiation, the parties executed a contract, entitled Asset Purchase Agreement, containing the terms of the asset sale.

Shortly thereafter, Roger and Shirley Bailey discovered that Electrical had withheld certain funds from its employees' paychecks to pay the IRS but had not transferred those monies to the IRS.  The outstanding liability for the unpaid taxes was more than one million dollars.  Each party vigorously argues that, under the terms of the Asset Purchase Agreement, the other is liable for paying the IRS the withheld taxes and the associated fines and penalties.

Services and Jeffrey Bailey (collectively "the plaintiffs") sued Roger Bailey, Shirley Bailey, and Electrical (collectively "the defendants"), seeking a declaratory judgment that the plaintiffs had no obligation to pay the delinquent taxes.  After discovery, the plaintiffs moved for summary judgment, requesting a declaratory judgment in their favor.  The defendants opposed that motion, arguing that (1) the plaintiffs were liable for the tax liability under the plain language of the Agreement or (2) alternatively, the Agreement was unenforceable because Jeffrey Bailey induced it through fraud.

The district court found Jeffrey Bailey individually responsible for the delinquent tax bill.[1]  The district court did not address the defendants' fraud argument.  The plaintiffs filed a motion to reconsider, which the district court denied.  The plaintiffs appealed, and we REVERSE and REMAND.

---

[1] The district court reasoned that Jeffrey Bailey was responsible for the liability because the amounts withheld from employees were a "debt," the Agreement provided that Services was liable for "accounts payable," and "accounts payable" are a type of debt.

2

No. 14-20014

## II. Discussion[2]

This appeal turns on the plain language of the Asset Purchase Agreement.[3]  Under the Agreement, Electrical is the "Seller," and Services is the "Buyer."  The Agreement memorializes an asset sale:  Electrical sold specified Texas assets to Services but retained its Arkansas assets.  Specifically, the Agreement provides that Services assumes and takes title to certain assets "subject to the liabilities and obligations of [Electrical] listed on Schedule 2.3."  The Agreement then states that Services "does not assume and is not in any way liable or responsible for any liabilities or obligations of [Electrical] which are not listed on Schedule 2.3."  Schedule 2.3 lists four assumed liabilities, only one of which is argued to be relevant here.  Specifically, Schedule 2.3 states that Services assumes liability for "[a]ll accounts payable of [Electrical]."  Thus, under the Agreement's plain language, Services is liable for accounts payable and nothing more.

So, the question becomes:  Whether withheld taxes are "accounts payable."  They are not.  In common business parlance, accounts payable are balances owed to a creditor on a current account.[4]  The Agreement does not provide any indication that the parties intended any meaning for "accounts payable" other than this generally recognizable definition.  Moreover, the Agreement specifically defines "withholding tax" as a "tax," which confirms

---

[2] We review a court's grant of summary judgment de novo.  *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013).

[3] The parties agree that Texas law governs this contract-interpretation dispute.  *Cf. Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995) (providing legal principles for contract interpretation in Texas).

[4] *See, e.g.*, *Merriam-Webster's Collegiate Dictionary* 8 (11th ed. 2003); *Webster's Third New Dictionary of the English Language Unabridged* 13 (Philip Babcock Gove ed., 1993); *The Random House Dictionary of the English Language* 10 (1966); *see also Black's Law Dictionary* 19 (9th ed. 2009).

that the parties gave the withheld taxes their generally understood meaning, not a non-standard meaning such as "accounts payable."

Because the withheld taxes are not "accounts payable," the Agreement provides that Electrical is liable for that tax liability. The district court erred when it concluded that the Agreement made Jeffrey Bailey individually liable for those taxes.[5]

## III. Conclusion

For the reasons above, we REVERSE the district court's grant of declaratory judgment in favor of the defendants. We note that the district court did not address the defendant's argument that the Agreement was induced through fraud and REMAND for further proceedings not inconsistent with this opinion.

REVERSED and REMANDED.

---

[5] On appeal, the defendants make several arguments that they did not raise in their briefs in the district court. Having failed to raise these arguments in the district court, they may not do so on appeal. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 330 (5th Cir. 2013) (citing *FDIC v. Mijalis*, 15 F.3d 1314, 1326–27 (5th Cir. 1994)).