Billy N. SHANNON; Billy W. Shannon; Fannie Shannon; B & F Cattle, Plaintiffs–Appellants,

v.

Bobby Max HAM, Individually, and doing business as Kirk & Ham Insurance Agency; Kirk & Ham Insurance Agency; Terry Gene Kirk, Individually, and doing business as Kirk & Ham Insurance Agency; Citizens Bancshares, Incorporated, doing business as Citizens National Bank of Crosbyton; Citizens National Bank of Crosbyton; Citizens National Bank, doing business as Citizens National Bank of Crosbyton, Defendants–Appellees.

No. 15–10483.

United States Court of Appeals, Fifth Circuit.

Feb. 11, 2016.

Fernando Manuel Bustos, Bustos Law Firm, P.C., Lubbock, TX, for Plaintiff–Appellant.

Thomas C. Riney, Bobby R. Ramirez, Kerri Lee Stampes, Riney & Mayfield, L.L.P., Amarillo, TX, for Defendant–Appellee.

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM: *

In this appeal, the Shannons challenge the district court's dismissal of their civil RICO complaint for failing to state a claim. The district court ruled that the Shannons' complaint ran afoul of this circuit's "single transaction" rule for RICO liability. Pretermitting that question, we hold that the Shannons have not plausibly alleged that their injuries were proximately caused by the alleged RICO violations. For that reason, we AFFIRM the district court's dismissal of the Shannons' suit with prejudice.

## BACKGROUND

The Shannons are farmers in the Texas panhandle. Bobby Ham runs a local bank and is a partner in Kirk & Ham, an insurance agency.

In 2004, Ham told the Shannons that he was licensed to sell crop insurance. In reliance on that representation, the Shannons purchased crop insurance from Ham. But, the Shannons allege, Ham was not actually licensed to sell crop insurance.[1]

According to the Shannons, Ham used the phone, email, and mail "to reinforce Ham's image as a licensed crop insurance agent" by communicating with them about their insurance policies. He also told them directly that he was a licensed crop insurance agent at least two more times.

The other defendants were part of this alleged RICO enterprise. Terry Gene Kirk allegedly knew Ham was not a licensed insurance agent but partnered with him anyway. Ham conducted his insurance business through Citizens National Bank, Citizens Bancshares, and Kirk & Ham, cloaking his actions in legitimacy and preventing discovery of his ruse.

According to the Shannons, this all amounted to a multi-year conspiracy involving mail and wire fraud where Ham posed as an insurance agent, inducing the Shannons to buy coverage through him instead of from an actually licensed agent. Ham then mishandled their insurance policies and claims, costing them over $200,000. The Shannons also allege they were the victims of single act of bank fraud perpetrated by Ham.

In 2014, the Shannons filed suit in federal court alleging civil claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) and state law claims for, among other things, negligence, breach of contract, and violations of the Texas Deceptive Trade Practices Act and Texas Insurance Code. The district court subsequently dismissed their federal claims under Federal Rule of Civil Procedure 12(b)(6) and declined to exercise supplemental jurisdiction over their remaining state law claims. The Shannons have appealed from the dismissal of their RICO claims.

## DISCUSSION

This court evaluates a motion to dismiss for failure to state a claim de novo. *Gil Ramirez Grp., LLC v. Hous. Indep. Sch. Dist.*, 786 F.3d 400, 408 (5th Cir.2015). To prevail in this appeal, the Shannons' complaint must have pled enough facts to state

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. The parties dispute what licensure or certifications are required to sell crop insurance;

Ham contends he is properly licensed and the Shannons maintain he is not. This court need not decide that question of Texas (or possibly Federal) law because, even assuming Ham was not properly licensed, proximate cause has not been plausibly alleged.

a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678, 129 S. Ct at 1949 (internal quotation marks omitted). Determining whether a set of facts has crossed the line from possible or conceivable to plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679, 129 S.Ct. at 1950. This court "may affirm a district court's Rule 12(b)(6) dismissal on any grounds raised below and supported by the record." *Raj v. La. State. Univ.*, 714 F.3d 322, 330 (5th Cir.2013) (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007)).

The district court found that the Shannons failed to plausibly plead a "pattern of racketeering activity" under 18 U.S.C. § 1962(c) because all the acts were part of a single, lawful insurance transaction. *See, e.g., Abraham v. Singh*, 480 F.3d 351, 355–56 (5th Cir.2007). We express no opinion on that reasoning because the resolution of this case is more straight-forward: the Shannons have not shown a causal connection between Ham's lack of an insurance license and his mishandling of their policies.

To state a civil RICO claim, the plaintiff is required to show that the RICO predicate offense "was the proximate cause" of his injury. *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9, 130 S.Ct. 983, 989, 175 L.Ed.2d 943 (2010). In the RICO context, proximate cause requires "some direct relation between the injury asserted and the injurious conduct alleged." *Id.* (quoting *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268, 112 S.Ct. 1311, 1318, 117 L.Ed.2d 532 (1992)). That rela-

tionship cannot be "too remote," "purely contingent," or "indirect." *Id.* (brackets omitted) (quoting *Holmes*, 503 U.S. at 271, 112 S.Ct. at 1319).

The basic complaint in this case is that Ham did not have the proper license to write crop insurance policies on behalf of the Shannons. The injurious conduct alleged is mail and wire fraud. Beginning in 2004, Ham said he was a licensed insurance agent when he was not and used the mails and wires to reinforce the ruse. The injuries adequately pled comprise approximately ten errors in 2011 and 2012 in handling the insurance policies. The Shannons allege that they relied on Ham's representations of his licensure, they were duped, and they were injured when "[t]he quality of Ham's services was well below that of a licensed and qualified crop insurance agent."

This causation theory does not plausibly allege a direct relationship between the fraud and the mishandled claims. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. According to the complaint, for *seven years* after he fraudulently induced them to enter into the insurance policies, Ham handled the Shannons' insurance business without issue. If Ham's lack of licensure was plausibly the cause of the Shannons' injuries, it is "common sense" that it would have manifested itself during the first seven years of their relationship. *Id.* at 679, 129 S.Ct. at 1950. The lengthy period of satisfactory service casts significant doubt on the idea that any loss is directly attributable to Ham's lack of a license or that the purpose of the lie was to victimize the Shannons. *Cf. Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 676 (5th Cir.2015) (proximate cause is present where the injuries asserted were the "objective of the [RICO] enterprise"). Instead, on this set of pleadings, it is far more likely that Ham's lack of licensure played no part in

the Shannons' injuries and that the claim mishandling that occurred in 2011 and 2012 is attributable to other causes. *See Bastian v. Petren Res. Corp.*, 892 F.2d 680, 684 (7th Cir.1990) (Posner, J.) (no proximate causation alleged in a RICO fraud case because it was just as likely that industry-wide price crash led to oil and gas company's demise).

The Shannons invoke several Supreme Court cases to buttress their arguments on proximate causation, but those cases highlight instead that the fraud must be directly and plausibly related to the injury. In *Bridge v. Phoenix Bond & Indemnity Co.*, it was the false statements to county officials that allowed the defendants to make extra bids in tax sales at the direct expense of the plaintiffs. 553 U.S. 639, 647–48, 128 S.Ct. 2131, 2138, 170 L.Ed.2d 1012 (2008). The lies directly furthered the scheme that directly injured the plaintiffs. *Id.* at 658, 128 S.Ct. at 2144. Conversely, in *Anza v. Ideal Steel Supply Corp.*, the Court held that a rival business's false state tax returns did not directly cause the plaintiff's sales to decrease by providing a competitive advantage to the rival. 547 U.S. 451, 457–58, 126 S.Ct. 1991, 1996–97, 164 L.Ed.2d 720 (2006). Such a link was too speculative. *Id.* at 458, 126 S.Ct. at 1997. In *Anza*, the lie injured the state by depriving it of tax revenue, but had nothing to do with the plaintiff's asserted business injury. *Id.* In this case, in contrast, there is no direct relationship between the lie and the injury because the Shannons have not plausibly alleged that the lie had anything to do with the eventual claims mishandling. The Shannons' attempt to invoke foreseeability and the zone of interests test is similarly unavailing, as the Supreme Court has rejected those concepts as guideposts for RICO proximate causation. *See Hemi Grp.*, 559 U.S. at 12, 130 S.Ct. at 991.

In sum, what the Shannons have alleged is that Ham duped them into entering a long-term insurance relationship that was largely satisfactory until Ham mishandled several insurance claims in 2011 and 2012. They wish to convert claims that would otherwise sound in Texas contract or statutory law, *see Northwinds Abatement, Inc. v. Emp'rs Ins. of Wausau*, 258 F.3d 345, 352 (5th Cir.2001), into criminal acts encompassed by RICO. The ordinary, albeit unfortunate, claims mishandling alleged here was not plausibly proximately caused by Ham's faulty insurance credentials. Consequently, the Shannons' complaint failed to state a claim for damages and attorneys' fees under RICO.

The judgment of the district court dismissing the complaint is **AFFIRMED.**[2]

---

**2.** We also affirm the dismissal as to Kirk, Kirk & Ham, and the bank defendants on the grounds that there are no adequately pled allegations they participated in the RICO enterprise. *See Armco Indus. Credit Corp. v. SLT Warehouse Co.*, 782 F.2d 475, 485–86 (5th Cir.1986).