# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30079
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2016

Lyle W. Cayce
Clerk

PATRICIA PETER-TAKANG,

      Plaintiff–Appellant,

v.

SUZY SONNIER, in her official capacity as Secretary of the Department of
Children and Family Services; TOURO INFIRMARY HOSPITAL; DR. GLEN
STEEB, M.D.,

      Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-1078

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

    Patricia Peter-Takang, proceeding pro se, appeals the district court's
dismissal of her complaint pursuant to Federal Rules of Civil Procedure
12(b)(1) and 12(b)(6). Because the operative complaint at the time Defendant–
Appellee Suzy Sonnier was dismissed did not plead jurisdiction, and because

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-30079

the subsequent amended complaint failed to state a claim upon which relief can be granted, we affirm.

**I**

According to the complaint, in 2002, Dr. Glen Steeb performed surgery on Peter-Takang at the Touro Infirmary Hospital (Touro). At the time, Peter-Takang was pregnant with twins. She alleges that after the surgery, Dr. Steeb told her that the twins had died during surgery. Although not in her complaint, she asserts in her briefs (and in her briefs in the district court) that Dr. Steeb told her days after the surgery that "there were no babies" in the first place, and that he had simply removed scar tissue from her abdomen during the surgery. She also claims, for the first time on appeal, that nurses at Touro told her in the surgery's immediate aftermath that her twins had *not* died and that Dr. Steeb had removed them during surgery and taken them out of the hospital alive.

Three years after the surgery, Peter-Takang read a story in the newspaper about twin toddlers found walking down a highway. Believing the children to resemble her husband, and therefore believing they may have been the twins with which she was pregnant in 2002, Peter-Takang sought to have the Louisiana Department of Children and Family Services (DCFS) genetically test the twins for a determination as to whether they were biologically hers. However, the DCFS refused to perform the requested maternity test. Peter-Takang further alleges that when she made the request, representatives of the DCFS initially told her that they had to first speak with Dr. Steeb and a representative at Touro and that when she returned a week later, she "was informed that Dr. Steeb told [the DCFS] that [her] children were born dead[,] and not to entertain [her]." The DCFS has still not performed a maternity test despite Peter-Takang's continued requests.

2

No. 16-30079

Peter-Takang brought suit in federal district court against Touro, Dr. Steeb, and Suzy Sonnier, sued in her official capacity as Secretary of DCFS, seeking a maternity test from the DCFS and damages. She filed a first amended complaint before any party had filed a responsive pleading. Sonnier filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which the district court granted. Peter-Takang then moved for reconsideration of Sonnier's dismissal and amended her complaint a second time. The district court denied Peter-Takang's motion for reconsideration, then granted Touro's and Dr. Steeb's motions to dismiss under Rule 12(b)(6). Peter-Takang appealed.

## II

Peter-Takang argues on appeal that the district court erred in granting Sonnier's motion to dismiss under Rules 12(b)(1) and 12(b)(6) and in granting Touro's and Dr. Steeb's motions to dismiss under Rule 12(b)(6). We review dismissals under both Rules de novo.[1]

With respect to the DCFS, the district court granted Sonnier's motion to dismiss before Peter-Takang amended her complaint the second time, when Peter-Takang's first amended complaint was the operative pleading. In the first amended complaint (written as a supplement to the original complaint, rather than a replacement), Peter-Takang did not plead any facts or legal claims that would support federal jurisdiction. She did not allege any federal causes of action nor diversity of citizenship. To the extent she now argues on appeal that the federal courts have diversity jurisdiction based on the DCFS's status as an arm of the Louisiana government, Peter-Takang, herself a resident of Louisiana, has offered no support for the argument that diversity

---

[1] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

No. 16-30079

may be invoked merely by pleading that the defendant is a state actor.[2] Accordingly, the district court properly dismissed Peter-Takang's complaint against Sonnier.

We note that after Sonnier's dismissal, Peter-Takang's second amended complaint purported to add federal causes of action. In the second amended complaint, Peter-Takang alleged that Sonnier deprived her of her federal "rights to hold her children as babies, to hear them say momma or daddy, to watch them grow," and generally to rear them. The district court appears to have considered these additional allegations in denying Peter-Takang's motion for reconsideration of Sonnier's dismissal.

However, even if we were to consider these post-dismissal claims asserted against Sonnier, the second amended complaint would nevertheless be subject to dismissal under Rule 12(b)(6). To the extent she alleges a substantive due process violation, and even if Peter-Takang has a substantive due process right to rear her biological children, or to have children tested for a determination as to whether they are her own (rights upon which she does not elaborate or offer any authority), she has not set forth any facts that plausibly allege a denial of that right. Rather, even if those supposed rights were cognizable, her claim here is entirely speculative, because, among other reasons, she has failed to offer any plausible basis for concluding that the children at issue are biologically her own. Peter-Takang simply has not alleged facts that would support a constitutional right to have the twins allegedly in the DCFS's custody genetically tested. To the extent Peter-Takang is claiming that the DCFS has a *state*-imposed obligation to test the children at issue, there is no basis for concluding that the DCFS or Sonnier has waived sovereign

---

[2] *See* 28 U.S.C. § 1332(a).

4

immunity.[3]  Accordingly, the district court properly granted Sonnier's motion to dismiss and denied Peter-Takang's motion for reconsideration.

With respect to Touro's and Dr. Steeb's motions to dismiss, Peter-Takang argues on appeal that her complaint alleged sufficient facts to survive a Rule 12(b)(6) motion.  It is not clear what wrongdoing Peter-Takang alleges on the part of Touro or Dr. Steeb, but reading her complaint liberally, it appears that she claims Dr. Steeb wrongfully instructed DCFS "not to entertain" Peter-Takang's requests for DNA testing of the children at issue.  The district court granted the motions to dismiss on the ground that they failed to allege any cognizable claim and that to the extent Peter-Takang attempted to assert negligence and malpractice claims in her opposition brief, those claims are prescribed under Louisiana law.

We agree with the district court's conclusion that Peter-Takang's second amended complaint fails to state a claim for relief against Touro or Dr. Steeb. She fails to allege what duty either party had in her favor or how either breached any such duty, and in general she fails to set forth any cause of action she could possibly have against either based on Dr. Steeb's alleged conduct in instructing the DCFS "not to entertain" her.  She also does not press any negligence, malpractice, or fraud claims on appeal, so we need not address the district court's conclusions with respect to those allegations.[4]  In any event, to the extent Peter-Takang's complaint could be interpreted as alleging a claim

---

[3] *See Raj v. La. State Univ.*, 714 F.3d 322, 329 (5th Cir. 2013) ("[S]overeign immunity bar[s] federal courts from hearing state law claims brought in federal court against state entities."); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984) ("The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest. . . . And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." (citations and internal quotation marks omitted)).

[4] *See, e.g., Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." (citation and internal quotation marks omitted)).

sounding in tort, her claims would be barred by Louisiana's prescription statute. Under Louisiana law, tort actions must be brought within one year.[5] Peter-Takang's allegations relate to conduct occurring, at the latest, in 2005, and she has not alleged any facts that would support a tolling of the deadline. Accordingly, the district court properly granted Touro's and Dr. Steeb's motions to dismiss.

Finally, Peter-Takang asserts that the district court should have given her another opportunity to amend her complaint before dismissing her action with prejudice. However, Peter-Takang did not ask the district court for an additional opportunity to amend. Moreover, she has already amended her complaint twice, and she has not set forth what other facts she would allege if given another opportunity. The district court therefore did not abuse its discretion in declining to give Peter-Takang another opportunity to amend her complaint.

* * *

For the reasons set forth above, the district court's judgment is AFFIRMED. Peter-Takang's motions to supplement the record with new evidence are DENIED.

---

[5] *See* LA. CIV. CODE ANN. art. 3492; *see also Sudo Props., Inc. v. Terrebonne Par. Consol. Gov't*, 503 F.3d 371, 378 (5th Cir. 2007) ("Louisiana tort claims have a prescriptive period of one year."). In her reply, Peter-Takang contends that the prescriptive period is ten years. However, the statute she cites, LA. CIV. CODE ANN. art. 3499, applies only when the prescriptive period for a cause of action is not otherwise specified, which to the extent she claims that Touro or Dr. Steeb committed negligence or malpractice, is not the case here.