# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2021

Lyle W. Cayce
Clerk

No. 20-40280
Summary Calendar

---

Erick Lawson,

*Plaintiff—Appellant*,

*versus*

William Stephens, *Individually and in his/her official capacity*;
Madeline Ortiz, *Individually and in his/her official capacity*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:16-CV-104

---

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Erick Lawson, former Texas prisoner # 00570246, appeals the district court's grant of a motion to dismiss filed by Defendant William Stephens and the dismissal of his 42 U.S.C. § 1983 civil rights complaint.  His complaint

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40280

was dismissed with prejudice for lack of jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  We review the district court's dismissal de novo.  *See Raj v. La. State Univ.*, 714 F.3d 322, 327, 329-30 (5th Cir. 2013).

In his § 1983 complaint, Lawson contended that the defendants violated his constitutional rights and his rights under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) when they denied him access to rehabilitative programs and services including a sex offender treatment program.  Lawson's appellate brief provides only conclusional accusations to support his general assertions that the defendants violated his constitutional rights and rights under the ADA and RA, which accusations are insufficient to show that he stated a claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Furthermore, Lawson does not challenge the district court's conclusions that (i) the Eleventh Amendment barred the recovery of monetary damages from the defendants in their official capacities; (ii) the defendants were entitled to qualified immunity; (iii) the theory of respondeat superior was not viable under § 1983; and (iv) relief against individual defendants was not available under the ADA or the RA.  Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Accordingly, Lawson has abandoned those issues.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Additionally, he fails to establish that the district court abused its wide discretion by declining to exercise jurisdiction over any remaining state law

No. 20-40280

claims. *See* 28 U.S.C. § 1367(c)(3); *Heggemeier v. Caldwell Cnty., Tex.*, 826 F.3d 861, 872 (5th Cir. 2016).[1]

The district court's judgment is AFFIRMED.

---

[1] Because of Lawson's failures, we did not have to consider the Government's letter brief's failure to address the correct case in the brief's Section III and IV.