# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-30745
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2026

Lyle W. Cayce
Clerk

GERTRAND ISIDORE,

*Plaintiff—Appellant*,

*versus*

WESTPORT LINEN SERVICES, L.L.C.; BRYAN PALMER;
UNIDENTIFIED PARTIES,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:25-CV-410

———————————————————————

Before DAVIS, WILSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

    This appeal involves the *Twombly/Iqbal* pleading standard as applied to an employment-discrimination claim brought under 42 U.S.C. § 1981.[1]

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

[1] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

No. 25-30745

Because we agree with the district court that the complaint does not meet that standard, we AFFIRM its judgment dismissing the action.

In February 2025, Plaintiff-Appellant Gertrand Isidore, an African American maintenance worker, sued Defendants-Appellees Westport Linen Services, L.L.C., Bryan Palmer, and unidentified insurers for employment discrimination.[2] His counseled complaint alleges a conspiracy among Defendants to pay Isidore "below-market wages" and "to have him work under unsafe conditions," including "menial and dangerous work" that other employees were not required to do. It also avers Defendants misrepresented the condition of a washing machine, which malfunctioned and electrocuted Isidore, causing catastrophic injuries. Beyond these allegations, however, the circumstances of Isidore's employment, injury, and purported wrongful termination are markedly ill-defined.

While the complaint asserts a number of claims, just the § 1981 claim is before us. Its elements are identical to those of a Title VII claim[3]— "(1) an 'adverse employment action,' (2) taken against a plaintiff '*because of* [his] protected status'"[4]—though a § 1981 claimant must also plead that race was the but-for cause of the adverse employment action.[5]

---

[2] Isidore's complaint also states he is of Haitian descent. Defendants respond that national-origin discrimination is not cognizable under § 1981. But § 1981's prohibition on race discrimination can encompass ancestry and ethnic characteristics, depending on the facts presented. *See Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987). Because we resolve this case on other grounds, we don't reach the parties' arguments on this point.

[3] *See Anderson v. Douglas & Lomason Co., Inc.*, 26 F.3d 1277, 1284 n.7 (5th Cir. 1994).

[4] *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)).

[5] *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020).

To state a plausible § 1981 claim and overcome a motion to dismiss, a plaintiff must do more than formulaically recite these elements.[6] He must also plead sufficient facts on all the ultimate elements of his claim to render his case plausible.[7] Applying these principles, the district court granted Defendants' Rule 12(b)(6) motion, which Isidore did not oppose. Our review is de novo.[8]

We agree with the district court that the factual allegations in Isidore's complaint are uniformly conclusory—the sort of "the-defendant-unlawfully-harmed-me accusation[s]" that a district court need not credit.[9] As to § 1981 in particular, the complaint alleges only that Isidore's pay fell "well below" that of "other similarly situated Westport employees," without further elaboration. It offers no information about the "menial and dangerous work" Isidore was required to do that other employees were not. It does not say how Defendants treated Isidore differently from other employees. And it omits facts to suggest this disparate treatment was *because of* Isidore's race.

On appeal, Isidore does not point to any non-conclusory allegations that the district court overlooked. Instead, he argues the district court erred in three respects, none of which we find persuasive.

First, he insists the court required him to plead a prima facie case of discrimination as provided by *McDonnell Douglas Corp. v. Green*,[10] a higher

---

[6] *See Iqbal*, 556 U.S. at 678 ("[F]ormulaic recitation of the elements of a cause of action will not do.").

[7] *See Cicalese*, 924 F.3d at 766.

[8] *See U.S. ex rel. Willard v. Human Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

[9] *Iqbal*, 556 U.S. at 678.

[10] 411 U.S. 792, 802 (1973).

standard that does not govern pleadings. We find no basis for this assignment. The district court referenced the prima facie case in a way our precedent allows—as a helpful framework to assess the sufficiency of Isidore's complaint, but no more.[11]

Isidore next argues the district court failed to draw all reasonable inferences in his favor as required on a Rule 12(b)(6) motion. But as noted above, the allegations Isidore identifies consist of "[t]hreadbare recitals of the elements of a cause of action."[12] The district court was not required to treat such allegations as true, much less draw favorable inferences from them.[13]

Finally, Isidore contends the court erred by dismissing without first giving him a chance to amend his complaint. Isidore, however, did not make this argument to the district court: he did not oppose Defendants' Rule 12(b)(6) motion, and he did not try to amend his complaint to add new factual matter that would make his claim plausible. Without that, the district court had no reason to believe a curative amendment was possible and hence, was not obliged to invite one.[14]

At bottom, Isidore's complaint lacks sufficient facts on the ultimate elements of his § 1981 claim and thus fails to state a claim upon which relief can be granted. The district court's judgment is AFFIRMED in all respects.

---

[11] *See Cicalese*, 924 F.3d at 767.

[12] *Iqbal*, 556 U.S. at 678.

[13] *Id*. at 678–79.

[14] *See Willard*, 336 F.3d at 387 ("A party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals.").