951 S.W.2d 528 (1997)
In the Matter of D.A.S.
No. 05-97-00213-CV.
Court of Appeals of Texas, Dallas.
August 27, 1997.
*529 Maridell J. Templeton, Templeton, Dallas, for appellant.
Sue Korioth, April E. Smith, Assistant District Attorneys, Dallas, for state.
Before THOMAS, C.J., and HANKINSON and BRIDGES, JJ.

OPINION AND ORDER
BRIDGES, Justice.
This case presents the question of the appropriate procedure to be used when an attorney appointed to represent a juvenile in an appeal from a delinquency adjudication concludes that no meritorious grounds exist for appeal. Counsel for appellant D.A.S. has filed an Anders brief with an accompanying motion to withdraw as counsel.[1] Proceeding as if this case involved an adult, counsel has also notified appellant of his right to file a pro se brief. Because a delinquency action is civil in nature and because a minor is under a legal disability and cannot appear in court except through a next friend, a guardian, or an attorney ad litem, we consider counsel's action inappropriate.
The Dallas County District Attorney filed a petition requesting that the trial court find appellant was a child engaged in delinquent conduct. The petition alleged that appellant, then sixteen years of age, committed aggravated assault with a deadly weapon on October 29, 1996. A grand jury certified and approved the petition, and appellant waived his right to a jury trial. The trial court found appellant was a child and had engaged in the delinquent conduct alleged. The trial court committed appellant to the care, custody, and control of the Texas Youth Commission for twenty years, with possible transfer at the age of eighteen to the Texas Department of Criminal Justice.
The trial court appointed attorney Maridell Templeton to represent appellant on appeal. On March 12, 1997, Templeton filed a motion to withdraw as counsel supported by a twopage brief in which she contends that this appeal contains no arguable grounds for reversal and is frivolous under the standards of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In the motion, Templeton states that she informed appellant of his right to file a brief on his own behalf. The State responded with a letter brief agreeing with counsel's conclusion that the appeal of this case is frivolous under Anders and acknowledging that the procedure recommended in Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App.1969), appears to have been followed.
Juvenile proceedings have been characterized as quasi-criminal in nature, with procedural protections and due process requirements similar to those required in adult prosecutions. See In re D.Z., 869 S.W.2d 561, 565 (Tex.App.-Corpus Christi 1993, writ denied). Nevertheless, juvenile proceedings are governed by the Texas Rules of Civil Procedure, and appeals of juvenile proceedings are governed by the Texas Rules of Appellate Procedure applicable to civil appeals. See TEX. FAM.CODE ANN. § 51.17(a) (Vernon 1996); J.R.W. v. State, 879 S.W.2d 254, 256 (Tex.App.-Dallas 1994, no writ); G.A.O. v. State, 854 S.W.2d 710, 713 (Tex. App.-San Antonio 1993, no writ).
In all legal proceedings, a child is under a legal disability and has no right to bring a cause of action on his own unless this disability has been removed, Sax v. Votteler, 648 S.W.2d 661, 666-67 (Tex.1983), or unless the child is represented by a "next friend" or guardian ad litem. Fite v. King, 718 S.W.2d 345, 346 n. 2 (Tex.App.-Dallas 1986, writ ref'd n.r.e.). Additionally, a minor does not have the legal capacity to employ an attorney or anyone else to watch over his interests. Byrd v. Woodruff, 891 S.W.2d 689, 704 (Tex. *530 App.-Dallas 1994, writ denied). Rather, the minor is non sui juris and remains altogether under the court's protection. Id.
Once a child has been adjudicated delinquent, he has the right to appeal, the right to representation by counsel on appeal, and the right to appointment of an attorney for the appeal if an attorney cannot be obtained because of indigency. See TEX. FAM. CODE ANN. § 56.01(d)(3) (Vernon 1996). An attorney must represent a client on appeal when doing so is in the interest of the client. See Executors of the Estate of Tartt v. Harpold, 531 S.W.2d 696, 698 (Tex.Civ.App.-Houston [14th Dist.] 1975, writ ref'd n.r.e.). The disciplinary rules require a lawyer to explain a matter to the extent reasonably necessary to permit the client to make an informed decision regarding representation. See TEX. DISCIPLINARY R. PROF. CONDUCT 1.03(b) (1989), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G. app. A (Vernon Pamph.1997). Even if the client is under a legal disability, the attorney should seek to maintain the usual attorney-client relationship insofar as possible. See TEX. DISCIPLINARY R. PROF. CONDUCT 1.03 cmt. 5 (1989).
Of course, these rights do not allow the child to insist on the prosecution of a frivolous appeal, but the procedures set forth in Anders do not apply to an appeal from a juvenile proceeding. Anders applies only to appeals from criminal convictions in which appellant's counsel concludes the appeal is frivolous. See Anders, 386 U.S. at 739, 87 S.Ct. at 1397-98. Upon concluding that the client has no meritorious appeal, an attorney in an appeal from a juvenile proceeding must inform the client and his guardians of this conclusion and, if appropriate, recommend that the appeal be dismissed. Because of legal disability, the minor does not have the right or the capacity to file a pro se brief or otherwise represent himself before the Court.
We, therefore, consider counsel's filing of an Anders brief and a motion to withdraw, and advising her juvenile client that he has the right to file a pro se brief improper in the appeal of a juvenile proceeding. See Tex. Fam.Code Ann. § 51.11 (Vernon 1996).
Accordingly, appellate counsel's March 12, 1997 motion to withdraw as courtappointed counsel on appeal is DENIED. We STRIKE appellate counsel's March 12, 1997 Anders brief and motion to withdraw as counsel. Counsel for appellant may pick up the brief and the motion within ten (10) days of the date of this order. If counsel does not do so, the Clerk of the Court may dispose of them. Counsel may file, within thirty (30) days of the date of this order, either: (1) a brief on the merits of the appeal; (2) a motion to substitute counsel; or (3) a motion to dismiss the appeal signed by appellant's counsel and appellant's legal guardian.
We further STRIKE the State's April 1, 1997 letter brief agreeing that the record shows no reversible error.
NOTES
[1] See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).