**In the Matter of A.L.H., a Juvenile.**

No. 04–96–00657–CV.

Court of Appeals of Texas,
San Antonio.

June 3, 1998.

Tony Renteria, Jose M. Guerrero, Law Offices of Jose M. Guerrero, San Antonio, for appellant.

Judy Madewell, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before GREEN, DUNCAN and ANGELINI, JJ.

## OPINION ON INTERLOCUTORY ORDER

PER CURIAM.

Counsel for A.L.H. filed a brief and motion to withdraw asserting there are no meritorious issues to raise on appeal. Before we can address the merits of A.L.H.'s appeal, we must decide whether the procedures of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), apply to an appeal from an adjudication of delinquency.

▪ The *Anders* process balances a criminal defendant's constitutional right to counsel with a lawyer's ethical duty not to bring frivolous appeals. *Nichols v. State*, 954 S.W.2d 83, 84–85 (Tex.App.—San Antonio 1997, no pet.). Under this procedure, if appointed counsel finds the appeal frivolous, counsel must file a motion to withdraw and a brief explaining why the appeal lacks merit. *Id.* at 85. The appellant may also file a pro se brief. *Id.* at 86. The appellate court then conducts its own review of the appellate record and, if the appeal has merit, orders the appointment of new counsel, thereby protecting the defendant's right to counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim. App.1991).

▪ Juvenile proceedings are quasi-criminal, with many of the same due process protections available in criminal proceedings, including the right to legal representation on appeal. *See In re R.S.C.*, 940 S.W.2d 750, 751–55 (Tex.App.—El Paso 1997, no writ); *In re M.R.R.*, 903 S.W.2d 49, 50 (Tex.App.— San Antonio 1995, no writ); Tex. Fam.Code Ann. § 56.01(d)(Vernon 1996). Because a juvenile's appointed counsel is bound by the same ethical considerations as an adult's attorney, the *Anders* procedures are necessary in juvenile cases to protect the juvenile's right to counsel. *See Gilliam v. State*, 305 Ark. 438, 808 S.W.2d 738, 740 (1991).

Although the First, Third, and Ninth Courts of Appeals have applied *Anders* to juvenile cases in unpublished opinions, the Fifth Court of Appeals, in a published opinion, has declined to do so. The Dallas Court of Appeals recognized the quasi-criminal nature of juvenile proceedings, but it observed that a child has no right to bring a cause of action and that a child has no legal capacity to hire a lawyer. *In re D.A.S.*, 951 S.W.2d 528, 530 (Tex.App.—Dallas 1997, order).[1] Thus, the court concluded that a child cannot respond to an *Anders* brief, as anticipated by the *Anders* process. *Id.* According to the Dallas Court of Appeals, if appointed counsel determines the juvenile's appeal is meritless, the attorney "must inform the client and his guardians of this conclusion and, if appropriate, recommend that the appeal be dismissed." *Id.*

We disagree with the holding of *D.A.S.* A juvenile's lack of maturity "argue[s] for—not against—an *Anders* appeal. . . . The *Anders* appeal, by assuring that no fundamental error occurred during the adjudication, furthers the state's interest" of protecting the rights of juveniles. *In re Juvenile Action No. JV–117258*, 163 Ariz. 484, 788 P.2d 1235, 1238 (App.1989). Furthermore, a juvenile may respond to an *Anders* brief with the assistance of a parent or guardian, much like an adult defendant who may be poorly educated or illiterate. *Gilliam*, 808 S.W.2d at 740.

▪ We hold that *Anders* is applicable in a juvenile appeal, provided that appointed

1. A related petition for mandamus is pending before the Supreme Court.

counsel gives notice and instructions to both the juvenile and the juvenile's guardians. *See Nichols,* 954 S.W.2d at 86 & n. 1. In this case, counsel provided A.L.H. and his guardian with a copy of the *Anders* brief and motion to withdraw and informed them of the juvenile's right to examine the record and file his own brief. By separate order, we set a briefing schedule for A.L.H. and the State.