No. 04-00-00330-CV



IN THE MATTER OF G. C.


Appellant






From the 289th Judicial District Court, Bexar County, Texas


Trial Court No. 1998-JUV-00482


Honorable Carmen Kelsey, Judge Presiding



PER CURIAM


Sitting: Alma L. López, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: March 7, 2001


MOTION TO WITHDRAW GRANTED; AFFIRMED


 Pursuant to a plea agreement, G.C. received a five year determinate sentence for
delinquent conduct based on aggravated robbery and was remanded to the custody of the
Texas Youth Commission. After G.C. served twenty two months of his sentence, TYC
requested that G.C. be transferred to the Texas Department of Criminal Justice, Institutional
Division (TDCJ). Following a hearing, the trial court granted TYC's request and transferred
G.C. to TDCJ. G.C.'s court-appointed attorney on appeal filed a brief in which counsel
concludes this appeal is frivolous and without merit. Counsel also filed a motion to
withdraw.

 Counsel's brief meets the requirements of Anders v. California, 386 U.S. 738 (1967),
High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), and Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969). Specifically, counsel states G.C. was provided with a copy of
the brief and motion to withdraw (1) and was further informed of his right to review the record (2)
and file his own brief if he wished. In re D.A.S., 973 S.W.2d 296, 299 (Tex. 1998); In re
A.L.H., 974 S.W.2d 359, 360-61 (Tex. App.-San Antonio 1998, no pet.). G.C. has not done
so.

 We reviewed the record and counsel's brief and agree the appeal is frivolous and
without merit. The judgment of the trial court is affirmed. Furthermore, we grant the motion
to withdraw filed by G.C.'s counsel. See Bruns v. State, 924 S.W.2d 176, 177 n.1 (Tex.
App.-San Antonio 1996, no pet.).

 PER CURIAM

DO NOT PUBLISH
1. Ordinarily, the Anders procedure as applied in juvenile cases requires counsel to certify that the brief and
motion to withdraw, along with instructions regarding the right to review the record and file a pro se brief, were sent
to both the juvenile and the parent or guardian. In this case, G.C. reached the age of eighteen prior to the date the brief
and motion were filed in this court, and is therefore capable of representing his own interests.
2. Counsel also detailed the procedure for obtaining the record. See Bruns v. State, 924 S.W.2d 176, 177 n.1
(Tex. App.-San Antonio 1996, no pet.).