No. 04-01-00173-CV



IN THE MATTER OF J. P.


Appellant






From the 386th Judicial District Court, Bexar County, Texas


Trial Court No. 1999-JUV-02264


Honorable Laura Parker, Judge Presiding



PER CURIAM


Sitting: Phil Hardberger, Chief Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: November 21, 2001


MOTION TO WITHDRAW GRANTED; AFFIRMED


 Pursuant to a plea agreement, J.P. was sentenced to twenty-six months probation for
delinquent conduct based on possession of cocaine and was remanded to the custody of the
Bexar County Juvenile Probation Department. The State subsequently moved to modify the
disposition, alleging J.P. violated the conditions of his probation by theft and associating with
gang members. J.P. pleaded not-true and a non-jury trial was held. Following the trial, the
trial court modified the disposition and remanded J.P. to the custody of the Texas Youth
Commission. J.P.'s court-appointed attorney on appeal filed a brief in which counsel
concludes this appeal is frivolous and without merit. Counsel also filed a motion to withdraw.

 Counsel's brief meets the requirements of Anders v. California, 386 U.S. 738 (1967),
High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), and Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969). Specifically, counsel states J.P. and his guardian were provided
with a copy of the brief and motion to withdraw and were further informed of J.P.'s right to
review the record (1) and file his own brief if he wished. In re D.A.S., 973 S.W.2d 296, 299
(Tex. 1998); In re A.L.H., 974 S.W.2d 359, 360-61 (Tex. App.-San Antonio 1998, no pet.).
 J.P. has not done so.

 We reviewed the record and counsel's brief and agree the appeal is frivolous and
without merit. The judgment of the trial court is affirmed. Furthermore, we grant the motion
to withdraw filed by J.P.'s counsel. See Bruns v. State, 924 S.W.2d 176, 177 n.1 (Tex.
App.-San Antonio 1996, no pet.).

 PER CURIAM

DO NOT PUBLISH
1. It would be helpful in the future if counsel also detailed the procedure for obtaining the record. See Bruns v.
State, 924 S.W.2d 176, 177 n.1 (Tex. App.-San Antonio 1996, no pet.).