# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-11010

————

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2017

Lyle W. Cayce
Clerk

CHANCE MARCUS CLYCE, and on behalf of all those similarly situated; DONNA JILL CLYCE, and on behalf of those similarly situated; MARK CLYCE, and on behalf of all those similarly situated,

     Plaintiffs - Appellants

v.

NADINE BUTLER, individually and in her official capacity; LESLY JACOBS, Investigator for TJJD, individually and in his official capacity; KEVIN DUBOSE, individually and in his official capacity; CONRAD JONES, individually and in his official capacity; UNKNOWN STAFF AT THE HUNT COUNTY JUVENILE DETENTION CENTER, in their official and individual capacities; TEXAS JUVENILE JUSTICE DEPARTMENT, in their official and individual capacities, formerly known as Texas Juvenile Probation Commission Texas Youth Department; UNKNOWN STAFF AT THE TEXAS JUVENILE JUSTICE DEPARTMENT, in their official and individual capacities; FREDERICK FARLEY, Investigator and Supervisor for Hunt County Juvenile Detention Center, individually and in his official capacity; KENNETH WRIGHT, individually and in his official capacity; SHANIGIA WILLIAMS, individually and in her official capacity; HUNT COUNTY JUVENILE DETENTION CENTER; DAVID REILLY, Interim Executive Director; UNKNOWN TEXAS JUVENILE JUSTICE DEPARTMENT DIRECTOR, individually and in his official capacity; ANY OTHER UNKNOWN JUVENILE DETENTION EMPLOYEES, in their official and individual capacities,

     Defendants - Appellees

————

Appeal from the United States District Court
for the Northern District of Texas

————

No. 15-11010

Before BARKSDALE, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:

Chance Clyce appeals the district court's dismissal of his claims as barred by Texas's statute of limitations. The district court held that when a minor's parents bring a lawsuit on his behalf as next friends, the statute of limitations for those claims is not tolled during his period of minority if they were aggressively litigated through the prior lawsuit. Because we hold that the district court improperly created this exception to Texas's tolling provision to its statute of limitations, we reverse the district court's dismissal and remand for further proceedings consistent with this opinion.

**I**

In 2008, when he was thirteen years old, Chance suffered serious and sustained injuries while detained at Hunt County Juvenile Detention Center. Though some of the details are disputed, the parties agree that when Chance was released from the Detention Center only sixteen days after he arrived, he had lost several pounds, sustained bruises and a fractured arm, and contracted a life-threating methicillin-resistant staphylococcus aureus ("MRSA") infection. Due to this severe infection, Chance required multiple extensive surgeries on his joints and heart. He asserts that he continues to suffer chronic pain and will require future surgeries.

In 2009, Chance's parents filed suit both individually and as his next friends against multiple defendants affiliated with the Detention Center, bringing claims under 42 U.S.C. § 1983 and the Texas Torts Claims Act. The district court dismissed claims against two of the defendants without prejudice for improper service and granted summary judgment in favor of the remaining defendants. Chance's parents appealed to this court, and we affirmed. *Clyce v. Hunt Cty.*, 515 F. App'x 319, 321 (5th Cir. 2013).

No. 15-11010

On June 24, 2014, Chance, then nineteen years old, filed the instant claims pro se against multiple defendants from the Detention Center and the Texas Juvenile Justice Department.[1] Of these defendants, only one of them, Shanigia Williams, was also named as a defendant in 2009, when the claims against her were dismissed without prejudice for lack of service.

In this second lawsuit, Chance brought some of the same claims his parents brought in the first lawsuit, as well as a number of additional claims. He asserted that the defendants subjected him to inhumane conditions, denied him required medical treatment, participated in a civil conspiracy by failing to report systematic abuse at the detention center, violated his due process and equal protection rights, and discriminated against him based on his diagnosed mental illness in violation of the Americans with Disabilities Act and the Rehabilitation Act.

Defendants filed multiple motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting, inter alia, expiration of the statute of limitations period and res judicata. Chance obtained legal counsel and filed a brief opposing all pending motions to dismiss. He argued in relevant part that the claims were timely because they were brought within two years of his reaching the age of majority, and that they were not barred by res judicata because none of the defendants, other than Ms. Williams, was named in the 2009 lawsuit. The district court subsequently dismissed all of Chance's claims as untimely, declining to address whether res judicata barred any or all of his claims. Chance timely appeals dismissal of his claims against three individual defendants: Frederick Farley, Kenneth Wright, and Shanigia Williams.

---

[1] Initially, Chance's parents were also joined as plaintiffs, and all three parties sought class certification to proceed both individually and on behalf of those similarly situated. On appeal, however, Chance is the sole appellant and he pursues his claims in his individual capacity only.

No. 15-11010

## II

We review a district court's dismissal of claims under Federal Rule of Civil Procedure 12(b)(6) de novo. *Taylor v. City of Shreveport*, 798 F.3d 276, 279 (5th Cir. 2015). Civil rights claims brought under 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for tort claims. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987). In Texas, the statute of limitations is two years, but this period is tolled for a person under age eighteen so that "the time of [legal] disability is not included in a limitations period." TEX. CIV. PRAC. & REM. CODE §§ 16.001 & 16.003. Together, these two sections require someone to file suit for personal injuries suffered as a minor before he reaches age twenty. *Weiner v. Wasson*, 900 S.W.2d 316, 321 (Tex. 1995).

The district court held that there is an exception to this "tolling provision" when a next friend, represented by counsel, aggressively prosecutes a minor's claims on his behalf. Accordingly, the court held, the prior proceeding that Chance's parents brought in 2009 remedied Chance's legal disability and forfeited the protection of the tolling provision.

Texas law, however, does not support this judge-made exception. The Texas code itself gives no indication that a next-friend lawsuit affects the tolling provision. *See* TEX. CIV. PRAC. & REM. CODE §§ 16.001 & 16.003; TEX. R. CIV. P. 44. Similarly, though case law demonstrates that a next friend can bring suit on behalf of a minor and make litigation decisions that bind him, it does not establish that such a suit waives the protection of the tolling provision. Indeed, there is no support for the premise that Texas's tolling provision can ever be waived by a minor, either directly or indirectly through a next friend.

Historically, some litigants could elect to waive the protection of a tolling provision. *Johnson v. McLean*, 630 S.W.2d 790 (Tex. App. 1982), held that an incarcerated litigant entitled to tolling under a former Texas statute could

4

forfeit this protection if he "elect[ed] to commence litigation despite the disability protection afforded him." *Id.* at 794. However, the Supreme Court of Texas has expressly declined to extend this holding to minors. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 755–56 (Tex. 1993). In *Ruiz*, the court noted that "the reasoning in *Johnson*—that access in fact to the courts suspends a legal disability—has not been utilized in cases involving minors," and explained why applying this reasoning in such cases would construe the tolling provision too narrowly. *Id* at 755. *Ruiz* emphasized that "the purpose and scope of the tolling provision, as applied to minors and persons of unsound mind, extends beyond merely ensuring their access to the courts." *Id.* Tolling the statute of limitations while someone is under a legal disability additionally ensures that he is not time-barred from bringing claims while he is unable to "participate in, control, or even understand the progression and disposition of [his] lawsuit." *Id.* Though Chance arguably had "access to the courts" through his parents' next-friend lawsuit, this does not alone satisfy the purpose of the tolling provision that prevented his claims from being time-barred until after his legal disability was removed.

Appellees note that *Ruiz* and Chance's case are distinguishable on their facts. In *Ruiz*, the two prior next-friend lawsuits at issue were dismissed for discovery abuse and lack of prosecution whereas Chance's parents prosecuted their previous lawsuit to summary judgment and then appealed. However, though *Ruiz* did not squarely address whether a lawsuit by a next friend that progresses beyond "mere commencement" can forfeit the protection of the tolling provision, its reasoning provides no basis to conclude that the Supreme Court of Texas has or would create this exception. *Id.* at 756. Additionally, in *Weiner*, the Supreme Court of Texas expressly declined to adopt a "court-made" exception that would have created a more restrictive statute of limitations for minors' medical malpractice claims. The court rejected the argument that

No. 15-11010

plaintiffs had only a "reasonable time" to bring these claims after reaching the age of majority, rather than the full two years.

> Rather than fashioning a rule of our own making and applying it to minor plaintiffs, we think it is more appropriate to look to the general limitations provisions enacted by the Legislature. Sections 16.001 and 16.003 of the Texas Civil Practice and Remedies Code together provide a general statute of limitations for minors' personal injury claims. Section 16.003 establishes a two-year limitations period, but section 16.001 tolls this period until the minor reaches age eighteen. Taken together, these sections require a minor to file a claim before reaching age twenty for personal injuries sustained during the period of minority.

900 S.W.2d at 321 (footnotes omitted).

The cases cited by Appellees do not establish that a minor can forfeit the protection of the tolling provision through a lawsuit brought by a next friend. *See, e.g.*, *In re D.A.S.*, 951 S.W.2d 528 (Tex. App. 1997) (establishing that a minor can bring a lawsuit through a next friend without referencing any effect this has on the statute of limitations period). Appellees rely on *Ramirez v. Michelin North America Inc.*, No. C-07-228, 2007 WL 2126635 at *4 (S.D. Tex., 2007), for the principle that a next friend's litigation decision "binds the child as well." However, while *Ramirez* featured a father who, like Chance's parents, brought suit both individually and as next friend of his minor son, it does not resolve how such a proceeding impacts an otherwise tolled statute of limitations. *Id.* at *1 n.2. In *Ramirez*, the court considered whether certain non-diverse defendants were improperly joined, citing the rule that improper joinder can lie when "a [p]laintiff, at whatever time and for whatever reason, indicates a desire to completely abandon the claims" as to those defendants. *Id.* at *3. The court looked to Mr. Ramirez's deposition statements and concluded that he "indicate[d] a desire to completely abandon the claims" against the defendant in question. *Id.* at *3–4. The court then reasoned that, because Mr. Ramirez acted as next friend of his minor son, he waived not only

6

his own claims against that defendant, but his son's claims against him as well. *Id.*

Accordingly, *Ramirez* addressed only whether a next friend could waive a claim that a minor could waive on his own but for his minority. As discussed above, however, Texas courts have so far declined to hold that the tolling provision that protects minors can be similarly waived, either by the minor or by anyone acting on his behalf. Accordingly, we conclude that the district court erred by "fashioning a rule of [its] own making" to find that Chance forfeited the protection of Texas's tolling provision when his parents brought suit as next friends. *See Weiner*, 900 S.W.2d at 321.

## III

Contrary to Appellee's assertions, our conclusion does not permit Chance to re-litigate the merits of any already decided claims. The doctrine of res judicata has long served to ensure the conclusive effect of final judgments. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). Texas's tolling provision "does not mean that an action commenced by, or on behalf of, a legally disabled individual can never be given preclusive effect." *Ruiz*, 868 S.W.2d at 756.

Accordingly, we REVERSE the district court's dismissal as to all of Chance's claims and REMAND for further proceedings, including consideration of res judicata and other issues presented.[2]

---

[2] Chance also asserts that the district court abused its discretion when it failed to grant him leave to amend his complaint. Because we reverse the district court's dismissal on other grounds, we decline to reach this issue.

7