# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2021

Lyle W. Cayce
Clerk

No. 20-30783

Luis Sanchez, *formerly known as* John Doe,

*Plaintiff—Appellant*,

*versus*

Chevron North America Exploration and Production Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-11232

Before Jones, Southwick, and Costa, *Circuit Judges*.

Per Curiam:*

An employee sued his employer for discrimination and retaliation under various federal statutes. Service on the defendants was untimely. Rather than dismiss the case, the magistrate judge allowed the employee to amend his complaint to comply with the Federal Rules of Civil Procedure.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30783

Ultimately, though, the magistrate judge dismissed the case for failure to comply with several court orders and for failure to state a claim upon which relief could be granted. We REVERSE and REMAND.

## FACTUAL AND PROCEDURAL BACKGROUND

Luis Sanchez filed a complaint in the United States District Court for the Eastern District of Louisiana against his former employer, Chevron North America Exploration and Production Company. He brought claims under Title VII and 42 U.S.C. § 1981 for "unlawful employment practices on the basis of national origin, a hostile work environment, retaliation, a retaliatory hostile work environment, and to provide appropriate relief."[1] Sanchez claimed that the discrimination and harassment he experienced were due to his Puerto Rican heritage.

Service of process on Chevron proved difficult and was not completed within the 90-day limit of Federal Rule of Civil Procedure 4(m). Chevron sought dismissal under Rule 12(b)(6) due to the failure to serve timely and, alternatively, because the complaint had not stated a claim upon which relief could be granted. The parties then consented to having a United States Magistrate Judge conduct all proceedings and enter a final judgment. That consent causes us to refer to the magistrate judge as the "district court" in this opinion.

---

[1] The initial complaint stated a claim only for national-origin discrimination under Section 1981, which Chevron argued in its first motion supported dismissal for failure to state a claim. The last complaint filed may have improperly grouped national-origin discrimination under Section 1981, but it explicitly alleged racial discrimination. The relevant heading, with various forms of emphasis removed, read: "claims of race and national origin discrimination within the four year 42 USC § 1981 statute of limitations and background information for Title VII hostile work environment claims based on race and national origins."

In its first order, the district court agreed with Chevron that the complaint was insufficient because it amounted to "a 25-page stream of consciousness-like recitation of grievances against various individuals apparently associated with or employed by Chevron." The court determined that dismissal would be inappropriate, though, because Sanchez would be prevented from bringing his claims in a new case. The court concluded that, "as a 'lesser sanction' for untimely service in lieu of dismissing this action," Sanchez could amend the complaint such that it pled each cause of action separately and identified the facts supporting each element of the claim.

Importantly, the court commented that "[u]nless [Sanchez] intends to explain a basis for doing so, factual allegations outside the applicable statute of limitations should not be included and [Sanchez] should avoid pleading irrelevant, non-actionable petty grievances solely to add to the page count of the Complaint." The supposed irrelevant grievances that the court referenced are those Sanchez alleged to support his hostile-work-environment claim.[2]

After the initial order, Sanchez filed an amended complaint. The court *sua sponte* struck it as noncompliant. Sanchez had placed many of the facts predating the limitations period in a "background information" section of that version. The court again referred to the length of the complaint and disapproved of the inclusion of facts that fell outside of the "four-year limitations period."

Sanchez then filed another, shorter complaint. He included two paragraphs captioned as a "reservation of rights background information"

---

[2] In this first order, the court also identified six examples from the original complaint that it deemed not actionable or lacking enough information to understand why it would be actionable. The examples described events that took place in 2016 or earlier.

for his Section 1981 and Title VII hostile-work-environment claims. The two paragraphs claimed that Sanchez was entitled to reference background facts predating the period of the actionable events. Chevron filed another motion to dismiss, this time for failure to state a claim and for failure to comply with the court's prior orders.

The court also struck this third complaint, stating that it was "faced with another incoherent pleading from which no plausible claims [could] be discerned." It continued to reject Sanchez's inclusion of "10 pages of facts falling outside the applicable statutes of limitations that [Sanchez] had been expressly directed to excise." Then, the court provided Sanchez with a "plead-by-numbers instruction" list, which included the following: "1. Decide what causes of action you wish to plead"; "2. Do the research to determine the elements of each cause of action"; "3. After identifying each cause of action separately, separately plead only the facts necessary to support those causes of action under the relevant statutes, the caselaw interpreting them and *Twombly* and *Iqbal*"; "4. Do not plead facts that fall outside the relevant statute of limitations or that are otherwise extraneous or *de minimis*"; "5. Identify each actor whose conduct is pleaded and explain in sufficient detail why his/her conduct is important"; and "6. Do this all in 15 pages or less."

Sanchez responded with a 19-page complaint. Sanchez again claimed a right to describe events that occurred prior to the period covered by the statute of limitations. In its third motion to dismiss, Chevron identified the length of the complaint as one of several violations of the court's previous orders. Sanchez failed to respond to Chevron's third motion to dismiss due to a later-admitted error of counsel. The court dismissed the case, characterizing the motion as unopposed. The order stated that Sanchez "has repeatedly failed to comply with the [c]ourt's orders . . . directing him to amend his complaint to comply with Rule 8."

No. 20-30783

Sanchez moved for reconsideration, and the court wrote a lengthier order denying the motion. It reviewed the claims and held that the allegations that were within the statute of limitations consisted of "non-actionable grievances." It also commented that Sanchez had "repackage[d] the stale factual matters as a long-running hostile work environment even though he did not separately plead a hostile work environment claim as he was instructed to do." The court "readily agree[d]" with Chevron's argument about Sanchez's lack of compliance with prior court orders. It identified specific instances of failure to comply and noted that Rule 41(b) provided it with the authority to dismiss the action. The court stated that it was dismissing pursuant to Rules 41(b) and 12(b)(6).

## DISCUSSION

Sanchez appeals the district court's dismissal of his case. First, we review the district court's involuntary dismissal of Sanchez's case for failure to comply with a court order under Rule 41(b). Second, we review the grant of Chevron's 12(b)(6) motion to dismiss for failure to state a claim.

## I.    *Dismissal for failure to comply with court orders*

Under the Federal Rules of Civil Procedure, dismissal of a complaint is appropriate when "the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). We review such dismissals for an abuse of discretion. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). We categorize some of the failures by the Plaintiff that led to the dismissal as being noncompliant with orders regarding docket management. We review a dismissal on those grounds also for an abuse of discretion. *In re Deepwater Horizon*, 907 F.3d 232, 234 (5th Cir. 2018). An abuse of discretion occurs "when [the] ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.* at 234–35 (quoting *Elementis Chromium v. Coastal States Petroleum*, 450 F.3d 607, 610 (5th Cir. 2006)).

No. 20-30783

Sanchez challenges the limitations as to scope and number of pages the court placed on the amended complaints. He also challenges the dismissal itself. Chevron argues that regardless of the validity of the limitations, Sanchez was bound to follow the court's orders or seek leave to deviate, which he did not.

Certainly, trial courts have the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Panels of this court have convincingly concluded that docket management can include setting prolixity limits on pleadings. *See, e.g.*, *Barnes v. Tumlinson*, 597 F. App'x 798 (5th Cir. 2015); *Jumonville v. Department of Treasury*, 50 F.3d 1033 (5th Cir. 1995); *Cesarani v. Graham*, 25 F.3d 1044 (5th Cir. 1994).[3]

Our initial discussion will concern factual allegations of events predating the period covered by the statute of limitations. Sanchez sought to plead these older events in support of his hostile-work-environment claim. A claim of a hostile work environment needs to support that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009) (quoting *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002)). Events that occurred earlier than the limitations period may be considered "so long

---

[3] Two of these opinions were decided before the Supreme Court changed pleading standards to require sufficient detail to make the claim plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Those changes may have altered the analysis of the reasonableness of page limitations, but we need not address that possibility here.

as an act contributing to that hostile environment takes place within the statutory time period." *Morgan*, 536 U.S. at 105. That means that when "an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* at 117. We have held that "evidence presented in support of these claims may fall outside of the statutory period." *Abner v. Kansas City S. R.R. Co.*, 513 F.3d 154, 166 (5th Cir. 2008).

The district court informed Sanchez that he must remove the out-of-time facts or that he had not adequately explained their relevance because he had not asserted a hostile-work-environment claim. We hold that throughout the back-and-forth filings with the court, Sanchez pled enough to support the relevance of these older facts. For example, in its first motion to dismiss, Chevron commented that the statute of limitations on many of the allegations passed "long ago" and that Sanchez had failed to invoke "the continuing violation doctrine," which allows older events to be considered. Sanchez responded: "[w]hile the complaint outlines a long standing pattern and practice of discrimination against Plaintiff for the purpose of the hostile work environment claim, there are numerous events within the four year period to support a claim of race discrimination because Plaintiff is Hispanic." Sanchez also cited *Morgan* as support for the out-of-time facts. The court determined that these earlier-in-time allegations were not "actionable" but did not consider the continuing-violation doctrine.

To comply with the first two orders, Sanchez limited his factual recitation in revised complaints but continued to "reserve his rights" as to those out-of-time facts. In his memorandum opposing the second motion to dismiss, Sanchez described caselaw explaining the continuing-violation doctrine and this circuit's law on that doctrine. The court continued to reject pleading the earlier events and held Sanchez had not stated a claim for a hostile work environment.

With respect for the difficulties facing a district court in managing its docket, we conclude that the court improperly narrowed the scope of Sanchez's complaint by requiring removal of factual assertions covering the earliest time period. The rejection of the pleading those claimed facts seems connected to the demand that the complaint be limited to 15 pages.[4] A district court has authority to impose reasonable limitations on complaints when necessary. The page limitation here, though, cannot be separated from the district court's failure to apply the caselaw that allows older events to be considered as part of a pattern that continued into more recent times.

Chevron urges us to affirm the dismissal on the alternative but related ground that Sanchez had failed to file a complaint that contained "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). Chevron's analysis for that argument is not meaningfully different from what we have already addressed.

We find an abuse of discretion by the district court when dismissing due to Sanchez's failure to file a shorter complaint.

We next consider the alternative ruling in the court's order.

## II. *Dismissal for failure to state a claim*

In addition to dismissing for failure to comply with the various limitations imposed in prior orders, the court also dismissed the complaint

---

[4] We have considerable sympathy for the district court's insistence that the order was clear that the entire complaint needed to come in at no more than 15 pages and Sanchez used 19. At this point in the district court's multiple efforts to require an adequate complaint, it was not likely receptive to the explanation by Sanchez's counsel that he had taken only 15 pages to set out the five matters the court had required, from "1. Decide what causes of action you wish to plead" to "5. Identify each actor whose conduct is pleaded and explain in sufficient detail why his/her conduct is important." Item 6 was: "Do this all in 15 pages or less." The four additional pages contained introductory and closing material. Counsel's interpretation was not the better one, but it was plausible.

for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6). We examine whether dismissal on those grounds was appropriate.

A complaint must set out "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* We review dismissals under this rule *de novo. Clyce v. Butler*, 876 F.3d 145, 148 (5th Cir. 2017). We accept all well-pled facts "as true and view[ them] in the light most favorable to the plaintiff." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013).

To begin, the district court's initial explanation of its dismissal focused on noncompliance with the court's orders. When denying the motion for reconsideration, though, the court discussed whether any claim was sufficiently pled:

> In a case such as this one, a plausible claim for relief ultimately requires facts supporting a causal link between Plaintiff's race, national origin, or protected activity and an actionable adverse employment action or pervasive and extreme harassment. *English v. Perdue*, 777 F. App'x 94, 97 (5th Cir. 2019). Rather than separately pleading causes of action supported by distinct fact patterns, Plaintiff cobbles together disparate grievances against co-workers with no supervising authority over him as well as complaining of comments that were made entirely out of his presence. Federal anti-discrimination laws are not a general code of civility. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Considering the factors identified by the Supreme Court, *id.* at 787–88, the conduct complained of by Plaintiff is not so sufficiently severe or pervasive so as to alter the conditions of his employment and to create an abusive working environment. Simply put, the style of pleading

employed by Plaintiff has presented the Court a Gordian Knot of allegations, from which a plausible cause of action cannot be readily discerned.

We summarize the district court's conclusions as being that the complaint did not allege sufficiently pervasive or severe hostility, and that those with possible animus were not decisionmakers for the adverse employment actions.

To determine if these are valid reason for dismissal, we first identify the claims Sanchez asserts. According to Sanchez, "[t]he facts as outlined support viable claims of discrimination, hostile work environment and retaliation pursuant to section 1981 and Title VII." He explains that the complaint's reference to similarly-situated-Chevron employees is meant to support a disparate-treatment claim. We limit our review of the complaint to those claims, as his failure to argue on appeal that the complaint sufficiently pled anything else ends the need for us to consider other possible claims. Our analysis accepts the facts as true for purposes of determining their sufficiency. Whether there is evidence to support the claims is not an issue at this point.

### A.     Discrimination by disparate treatment

Title VII creates distinct theories for proving discrimination of disparate treatment and disparate impact. *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006). Our "analysis of discrimination claims under [Section] 1981 is identical to the analysis of Title VII claims." *Body by Cook, Inc. v. State Farm Mut. Auto Ins.*, 869 F.3d 381, 386 (5th Cir. 2017).

Sanchez alleges discrimination resulting from disparate treatment. "Disparate-treatment discrimination addresses employment actions that treat an employee worse than others based on the employee's race, color, religion, sex, or national origin." *Pacheco*, 448 F.3d at 787. Sanchez bases his

No. 20-30783

claims on being a Hispanic male born in Puerto Rico, thereby raising both race and national origin as protected classes.[5]

A complaint need not allege "each prong of the *prima facie* test for disparate treatment" in order to overcome a Rule 12(b)(6) motion; to support a disparate treatment claim under Title VII, though, it must plausibly set out facts that the "defendant took the adverse employment action against a plaintiff *because of* her protected status." *Raj*, 714 F.3d at 331 (emphasis in original). A plaintiff must allege "facts, direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's] race or national origin or that [the employer] treated similarly situated employees of other races or national origin more favorably." *Id.*

Sanchez alleges several adverse actions. In a discrimination claim, adverse actions are those that impact the compensation, terms, conditions, or privileges of employment. *See Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004). Certainly, his termination as a helicopter pilot with Chevron was adverse. He also alleges that he "received a negative performance review of a 2- after making complaints to upper management of the harassment (based on race and national origin)." He specifically notes that the negative performance review "impacted his raise and bonus." These are plausible allegations that Sanchez suffered an adverse employment action.

Of course, suffering some penalty in employment is not enough. For these adverse actions to constitute disparate treatment, Sanchez must have plausibly pled that he was treated worse than others for similar shortcomings, because of his race or national origin. *See Ricci v. DeStegano*, 557 U.S. 557,

---

[5] Section 1981 only protects against racial discrimination, but we reference both protected classes in our discussion for purposes of simplified analysis. *See, e.g.*, *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987).

577 (2009). To show discriminatory attitudes, Sanchez identifies derogatory terms that coworkers and some supervisors called him.

Sanchez also compares his treatment to that of other Chevron employees. The complaint alleges that his negative performance review was due to Sanchez's overloading an aircraft and leaving cargo behind. Sanchez names two pilots who allegedly overloaded an aircraft yet not received a negative performance review. One of these individuals listed is a white male and one is a Hispanic male. Sanchez similarly identifies white male pilots who, he says, made similar mistakes to those for which he was discharged and who suffered no negative consequences.

We conclude that Sanchez has asserted plausible facts going to the elements of this claim. *See Cicalese v. University of Tex. Med. Branch*, 924 F.3d 762, 766–68 (5th Cir. 2019). His pleadings make a plausible claim that he suffered actions that are sufficiently adverse in that he lost his job and received a negative performance review that affected a term or condition of his employment. Further, he adequately pled that those actions were taken, at least in part, because of his race or nation origin.

### B.　Hostile work environment

To state a claim for hostile-work-environment,[6] Sanchez must allege (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the claimed harassment was based on the protected characteristic; (4) the claimed harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known

---

[6] Harassment was potentially, but not clearly, an individual claim asserted in district court. Because Sanchez on appeal makes no argument supporting reversal as to that claim, any possible error in its dismissal is forfeited. *See LeMaire v. Louisiana Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).

of the harassment and failed to take prompt remedial action. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *see also Frank v. Xerox Corp.*, 347 F.3d 130, 132, 137–38 (5th Cir. 2003) (applying the same elements to "hostile work environment claims" brought under both Title VII and Section 1981).

Though some of Sanchez's claims were not plausibly connected to his race or national origin, some were. Sanchez identified coworkers, both superiors and equals, who he claimed made derogatory remarks to Sanchez based on his race or national origin. Sanchez also named individuals whom he claimed were aware of the harassment who had some supervisory authority. He also alleges that he made the company aware through several reports to his supervisors and others in supervisory roles as early as 2016. Our reading of the complaint finds both a claim that Chevron formally investigated Sanchez's reports from October 2016 through July 2017, and a claim that Chevron largely ignored his complaints. The complaint asserts there was continued discrimination and harassment, including receiving a note in his flight bag that said, "Leave our company and go back to Puerto Rico you f****ing a**hole immigrant." Shortly after this incident, a Chevron employee counselor suggested to Sanchez that he take administrative leave and seek help from a counselor in his hometown; Sanchez accepted that advice. According to Sanchez's complaint, Sanchez's various reports through the years led to his being reprimanded, a negative employment allegation, and decrease in responsibility and pay before he was ultimately terminated. The complaint sufficiently alleges that Chevron knew of the harassment and did not take meaningful remedial action.

For the harassment to affect a term or condition of employment, the harassment "must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." *Lauderdale v. Texas Dep't of Crim. Just., Inst. Div.*, 512 F.3d 157, 163 (5th Cir.

2007) (quotation marks and citation omitted).  Sanchez plausibly pled such an environment.  He identified specific individuals and provided detailed factual recitations of the harassment he alleges that he endured.  He explains that the work environment made him physically ill.  The hostile-work-environment claim was plausible.

### C.    Retaliation

Sanchez's position is that the retaliation claim was not addressed in the final order.  We agree that this claim was not the focus of the order, but the final order did refer to the retaliation claim.  Thus, to the extent that retaliation was part of the dismissal, we look to see if plausible facts support such a claim now as part of our *de novo* review.

To state a claim for retaliation, Sanchez must allege that (1) he engaged in protected activity; (2) he suffered a materially adverse action; and (3) a causal connection exists between the two. *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 269 (5th Cir. 2015).  Facts supporting a causal connection include temporal proximity. *Nowlin v. Resolution Tr. Corp.*, 33 F.3d 498, 508 (5th Cir. 1994) (discussing causation under Title VII).[7] "[R]etaliation claims under § 1981 and Title VII . . . are parallel causes of action[,] . . . requir[ing] proof of the same elements." *Foley v. University of Houston Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003).  In the retaliation context, adverse actions are those that "a reasonable employee would have found . . . materially adverse, which . . . means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington*

---

[7] Sanchez also alleged a retaliatory hostile work environment in his complaint. This court has not yet stated that such a claim is actionable, but a majority of other circuits have. *See Heath v. Board of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 741 n.5 (5th Cir. 2017); *see also Montgomery-Smith v. George*, 810 F. App'x 252, 258 (5th Cir. 2020) (a panel of this court stating that this circuit has not stated its position regarding this claim).

*N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quotation marks and citation omitted).

Sanchez alleged that he engaged in protected activity at least when he initiated a complaint with the EEOC. *See Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 439 (5th Cir. 2005). The complaint alleges that Chevron was notified of the EEOC charge on or about September 8, 2017, and that Sanchez was "deselected" on October 30. His termination officially took effect on December 11, 2017. Termination is a materially adverse action, but even more, deselection from service "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N.*, 548 U.S. at 68 (quotation marks and citation omitted). A period of less than two months between notice of the charge and deselection satisfies the causal connection requirement in a *prima facie* showing. *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 305–06 (5th Cir. 2020) (holding that "a six-and-a-half week timeframe is sufficiently close"); *see also Strong v. University Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007) (allowing very close temporal proximity alone to sometimes establish *prima facie* case).

Sanchez pled plausible facts to support this claim of retaliation. As with his other claims, all we are holding now is that there was enough in his complaint that meets the requirement of plausibility to survive a motion to dismiss for failure to state a claim.

We REVERSE and REMAND for further proceedings.