# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20321
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 18, 2019

Lyle W. Cayce
Clerk

BARBARA A. LATHAM; ESTELLE NELSON,

      Plaintiffs - Appellants

v.

JUDGE MIKE WOOD; MICHELE GOLDBERG; STACY KELLY; TERESA PITRE; DONALD MINTZ; HARRIS COUNTY; ST. LUKE'S EPISCOPAL HOSPITAL; THUY TRIN; DOES 1-100,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-3875

Before HIGGINBOTHAM, GRAVES, and DUNCAN, Circuit Judges.

PER CURIAM:*

Appellants, sisters Barbara Latham and Estelle Nelson, disagreed with their brother, Donald Mintz, over how to care for their aging mother, Muriel Mintz. The siblings litigated over guardianship of Muriel and disposition of her property in a Harris County, Texas probate court presided over by Judge Mike

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20321

Wood. During this litigation, Judge Wood appointed Michele Goldberg as temporary guardian for Muriel, over the objections of Barbara and Estelle. A few months later Muriel passed away. Appellants then brought a federal lawsuit against Judge Wood, Goldberg, Harris County, and others, alleging violations of the federal Constitution and various federal and state statutes. Judge Wood moved to dismiss based on judicial immunity. *See, e.g., Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) (explaining that "[a] judge generally has absolute immunity from suits for damages," unless the challenged actions were "'not taken in the judge's judicial capacity'" or were "'taken in complete absence of all jurisdiction'") (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). Goldberg moved to dismiss based on, *inter alia*, "derivative" judicial immunity and failure to state a claim. *See, e.g., Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995) (explaining that "[c]ourt appointed receivers act as arms of the court and are entitled to share the appointing judge's absolute immunity" under certain circumstances). Harris County moved to dismiss for failure to state a claim. The district court dismissed all claims with prejudice. Appellants appeal the dismissal of their claims against Judge Wood, Goldberg, and Harris County. We AFFIRM.

We review *de novo* a district court's dismissal on the basis of judicial immunity. *Davis v. Tarrant Cty., Tex.*, 565 F.3d at 217. We also review *de novo* a dismissal for failure to state a claim, accepting well-pled facts as true and in the light most favorable to the plaintiff. *Raj v. Louisiana State University*, 714 F.3d 322, 329-30 (5th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotes and citation omitted). A facially plausible claim must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

No. 18-20321

Appellants' voluminous complaint confusingly attempts to articulate various state and federal claims for harms allegedly done to their mother and themselves as a result of rulings made by Judge Wood during the probate proceedings, particularly his decision to appoint Goldberg as Muriel's temporary guardian. With respect to Judge Wood, Appellants' claims are not based on any action that plausibly falls outside the ambit of judicial immunity. *See Davis v. Tarrant Cty., Tex.*, 565 F.3d at 221. With respect to Goldberg, Appellants' conclusory allegations fail to state a plausible claim under any of the federal or state theories identified in their complaint (so we therefore need not address whether Goldberg would enjoy derivative judicial immunity as a temporary guardian). The district court thus correctly dismissed Appellants' claims against Judge Wood and Goldberg. Finally, Appellants argue only that Harris County had "oversight" of Judge Wood and Goldberg, without citation to any authority and without explaining why the district court therefore erred in dismissing their claims as to Harris County. Any claim of error as to the dismissal of Harris County is thus "waived for inadequate briefing." *United States v. Stalnaker*, 571 F.3d 428, 439-40 (5th Cir. 2009).

AFFIRMED.

3