# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2021

No. 19-31039

Lyle W. Cayce
Clerk

TITUS LEE WEST,

*Plaintiff—Appellant*,

*versus*

DARIAN THOMPSON, *Assistant Warden*, *in their Individual Capacities*;
RICHARD HUNT, *Former Colonel*, *in their Individual Capacities*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-332

Before WILLETT, HO, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Titus Lee West, Louisiana prisoner # 485180, moves for leave to proceed in forma pauperis (IFP) from the dismissal of his 42 U.S.C. § 1983 civil rights complaint against Darian Thompson and Richard Hunt, both of whom at the time of the alleged incident were employed by the Louisiana

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-31039

Department of Corrections at the Louisiana State Penitentiary in Angola. West asserted that the defendants violated the Eighth Amendment by adopting a policy of double celling inmates who were confined in administrative segregation on protective custody. He further alleged that excessive force was used against him by another correctional officer when he refused to return to his cell due to threats made by his cellmate. The district court granted partial summary judgment in favor of Thompson and dismissed West's claims against Hunt for failure to effect timely service.

By moving to proceed IFP, West challenges the certification that his appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). He must show that his "appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). We may dismiss the appeal "when it is apparent that an appeal would be meritless." *See Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2.

"Summary judgment is proper if the pleadings and evidence show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012); *see* FED. R. CIV. P. 56(a). The nonmovant "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (internal quotation marks and citations omitted).

West does not challenge the district court's determination that he failed to allege direct personal involvement on the part of Thompson with regard to the use of force. Thus, any challenge is now deemed abandoned. *See Raj v. La. State Univ.*, 714 F.3d 322, 327 (5th Cir. 2013); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1993).

No. 19-31039

Although West disputes Thompson's identification of Directive No. 09.046 as the policy utilized to implement the double celling of inmates confined in administrative segregation on protective custody, he fails to demonstrate a nonfrivolous issue for appeal with respect to the district court's determination that the policy was not unconstitutional. *See Rhodes v. Chapman*, 452 U.S. 337, 348-49 (1981); *Bell v. Wolfish*, 441 U.S. 520, 542 (1979). Thus, he also fails to demonstrate a nonfrivolous issue for appeal with respect to the grant of summary judgment in favor of Thompson. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).

Finally, West does not challenge the district court's dismissal of his claims against Hunt for failure to effect timely service. Thus, these claims are deemed abandoned. *See Raj*, 714 F.3d at 327; *Brinkmann*, 813 F.2d at 748. Because West identifies no nonfrivolous issue for appeal, his IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.