# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2022

Lyle W. Cayce
Clerk

No. 21-30510

Thomas Tate Tunstall,

*Plaintiff—Appellant*,

*versus*

Hope Daigle, *formerly known as* Hope D. Theriot,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-02773

Before Owen, *Chief Judge*, and Higginbotham and Elrod, *Circuit Judges*.

Per Curiam:[*]

Thomas Tunstall asserted various federal and state constitutional claims under 42 U.S.C. § 1983 against Hope Daigle, a Louisiana state official, after she allegedly pursued an improper child support enforcement action against him. The magistrate judge dismissed Tunstall's claims against Daigle

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

in her official capacity for lack of subject matter jurisdiction and Tunstall's claims against Daigle in her individual capacity on the grounds that they were prescribed. We affirm.

## I.

This case involves over a decade of child support proceedings in Alabama, Georgia, and Louisiana. In the dispute before us, Tunstall, proceeding pro se, asserts various claims pursuant to § 1983 against a single defendant—Daigle, a Louisiana Department of Family and Children Services official. Accordingly, we focus on Daigle's conduct giving rise to the alleged constitutional violations.

Tunstall claims that an Alabama state court terminated his child support obligations in 2008 as his children had reached the age of majority; nevertheless, two Alabama officials "unlawfully altered [Tunstall's] official child support records by interpolating known false information" to make it appear as though he owed child support. Later, Daigle used this information to pursue an enforcement action against Tunstall in Louisiana. Tunstall asserts that Daigle knew he did not actually owe child support. And, without Tunstall being given "notice and the opportunity to be heard," Daigle allegedly "fraudulently procured *ex parte* income assignment and withholding orders from the Louisiana court." As a result, Tunstall claims his wages and tax returns were improperly seized.

Later, Tunstall's license and passport were suspended. Tunstall further alleges that Daigle "provided false and defamatory information that [Tunstall] was a 'Dead Beat Dad'" who owed a substantial amount of child support to various credit reporting agencies, which made him unable to obtain a loan for his business. As a result, Tunstall claims he lost his job and benefits. Finally, Tunstall was held in criminal contempt by a Louisiana state court, which he attributes to Daigle's enforcement action against him.

No. 21-30510

Tunstall claims that "[a]t all pertinent times Daigle had actual knowledge of the orders and judgments [by Georgia and Louisiana state courts] decisively demonstrating [Tunstall] and his property were not subject to state enforcement action and/or seizure." Accordingly, he asserts various constitutional claims against Daigle in both her individual and official capacities.[1] Against Daigle in her official capacity, Tunstall asks the court to "[e]nter a permanent injunction compelling Daigle . . . to take any and all actions necessary to return all of [Tunstall's] property seized between September 8, 2012–July 6, 2017." Against Daigle in her individual capacity, he seeks monetary damages including "(1) a minimum of $2,226,928.84 in actual damages; (2) a minimum of $2,226,928.84 in compensatory damages; (3) a minimum of $6,680,786.52 in punitive damages; [and] (4) prejudgment interest."

Both parties consented to the jurisdiction of a magistrate judge. Daigle filed a motion to dismiss pursuant to 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. The magistrate judge granted Daigle's 12(b)(1) motion and dismissed Tunstall's claims against Daigle in her official capacity without prejudice, finding they were barred by the Eleventh Amendment. The magistrate judge also granted Daigle's 12(b)(6) motion and dismissed Tunstall's claims against Daigle in her personal capacity, finding that the claims were prescribed at the time the lawsuit was filed. Tunstall appealed.

---

[1] Specifically, Tunstall asserts that Daigle's conduct violates the Fourth and Fourteenth Amendments to the United States Constitution, as well as Article I of Louisiana's Constitution.

No. 21-30510

## II.

We review de novo a lower court's grant of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.[2] The party asserting jurisdiction bears the burden of proof.[3]

We also review de novo a lower court's grant of a motion to dismiss for failure to state a claim.[4] We accept as true all well-pleaded facts in the complaint, viewing those facts in the light most favorable to the plaintiff.[5] We will affirm a grant of a motion to dismiss for failure to state a claim "when the plaintiff has not alleged enough facts to state a claim to relief that is plausible on its face."[6] "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[7]

## III.

Tunstall urges that his claims against Daigle in her official capacity fall squarely within the exception to sovereign immunity provided by *Ex parte Young.* "The Eleventh Amendment bars citizens of a state from suing their own state or another state in federal court, unless the state has waived its sovereign immunity or Congress has expressly abrogated it."[8] Sovereign

---

[2] *Raj v. La. State Univ.*, 714 F.3d 322, 327 (5th Cir. 2013).

[3] *Id.*

[4] *Id.* at 329–30.

[5] *Id.*

[6] *Id.* at 330 (internal quotations and citations omitted).

[7] *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

[8] *Raj*, 714 F.3d at 328 (internal citations omitted); *see also Hans v. Louisiana*, 134 U.S. 1, 16–18 (1890).

immunity extends to suits against state officials in their official capacities.[9] Where the state or a state official is entitled to sovereign immunity, this Court does not have subject matter jurisdiction over the suit.[10] However, the Eleventh Amendment does not bar a suit seeking injunctive or declaratory relief brought against a state official in her official capacity acting in violation of federal law.[11]

Tunstall described his claims as claims for "declaratory and injunctive relief," but they still amount to a claim for money damages for retrospective harm. Tunstall asks the court to "[e]nter a permanent injunction compelling Daigle . . . to take any and all actions necessary to return all of [Tunstall's] property seized between September 8, 2012–July 6, 2017." The property Tunstall is referring to is garnished wages.[12] His claim is really a request for money damages to compensate his retrospective harm. "We do not read *Ex parte Young* . . . to indicate that any form of relief may be awarded against a state officer, no matter how closely it may in practice resemble a money judgment payable out of the state treasury, so long as the relief may be labeled 'equitable' in nature."[13] Because "[t]he funds to satisfy the award [requested] in this case must inevitably come from the general revenues of

---

[9] *Gomez v. Hous. Auth. of the City of El Paso*, 148 S.W.3d 471, 477 (Tex. App.—El Paso 2004, pet. denied).

[10] *Moore v. Louisiana Board of Elementary and Secondary Education*, 743 F.3d 959, 963 (5th Cir. 2014).

[11] *Ex parte Young*, 209 U.S. 123, 155–56 (1908).

[12] Tunstall claims Daigle "procure[d] *ex parte* income assignment and withholding orders" from the Louisiana court at this time, which continued until 2017.

[13] *Edelman v. Jordan*, 415 U.S. 651, 666 (1974).

No. 21-30510

the State,"[14] Tunstall's claims against Daigle in her official capacity are barred by the Eleventh Amendment.[15]

Tunstall also seeks to avoid the bar presented by the Eleventh Amendment by arguing the underlying merits of his various constitutional claims. However, the Eleventh Amendment is a jurisdictional bar to the suit.[16] Regardless of the underlying merits of Tunstall's claims, the Eleventh Amendment bars relief for his claims against Daigle in her official capacity. We affirm the magistrate judge's dismissal of Tunstall's claims against Daigle in her official capacity for lack of subject matter jurisdiction.

## IV.

Tunstall next argues that his Fourth Amendment and Fourteenth Amendment claims against Daigle in her individual capacity are not prescribed. We affirm the magistrate judge's holding that Tunstall's claims against Daigle in her individual capacity are prescribed.

Because "Congress did not establish a statute of limitations or a body of tolling rules applicable to actions brought in federal court under § 1983," this Court "borrow[s] the state law of limitations governing an analogous cause of action."[17] "The statute of limitations for Section 1983 claims is the forum state's personal-injury limitations period, which in Louisiana is one year."[18] While state law determines the length of the prescriptive period,

---

[14] *Id.* at 665.

[15] *Fontenot v. McCraw*, 777 F.3d 741, 752–55 (5th Cir. 2015).

[16] *Hans*, 134 U.S. at 11.

[17] *Bd. of Regents v. Tomanio*, 446 U.S. 478, 483–84 (1980) (internal quotations omitted).

[18] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016) (internal quotations and citations omitted).

federal law determines the accrual date: "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."[19]

Tunstall asserts that his injury occurred between September 8, 2012 and July 6, 2017, the period in which Daigle allegedly improperly garnished his wages. Tunstall knew of his alleged injury during this time period. Even accepting the latest date in this period, July 6, 2017, as the accrual date, Tunstall did not file suit until October 5, 2020—more than one year after the accrual date. Therefore, his claims are prescribed.

Tunstall seeks to avoid prescription by arguing that the "detention" of his "seized" property "has not ended" and Daigle's "post-judgment deprivation of his constitutional rights" are ongoing.[20] In other words, he argues that the statutory period has not run as his harm is ongoing. However, adopting Tunstall's theory would undermine statutory periods of limitations.[21] The relevant inquiry is not whether Tunstall continues to suffer ongoing harm as a result of Daigle's actions. Rather, the relevant inquiry is when Tunstall knew or had reason to know of the injury giving rise to his cause of action and whether he filed suit within the prescriptive period from that date.[22] Tunstall failed to file suit within one year of the accrual date; therefore his claims against Daigle in her individual capacity are prescribed.

---

[19] *Id.* (citation omitted).

[20] Because, on appeal, Tunstall does not argue that his state law claims were not prescribed, nor does he argue for equitable tolling, "interruption," or *contra non valentem*, these issues are waived. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

[21] *Tomanio*, 446 U.S. at 485–86.

[22] *Smith*, 827 F.3d at 421.

No. 21-30510

\* \* \* \*

We AFFIRM the dismissal of Tunstall's claims against Daigle.